No. 98-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 303

297 Mont. 172

991 P.2d 950

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ANDREW C. MENSING,

Defendant and Appellant.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender Office, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Patricia J. Jordan,

Assistant Attorney General; Helena, Montana

Robert M. McCarthy, Silver Bow County Attorney; Butte, Montana

_____

Submitted on Briefs: September 9, 1999

Decided: December , 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

1. ¶ Andrew C. Mensing (Mensing) appeals from the judgment entered by the Second Judicial District Court, Silver Bow County, on a jury verdict finding him guilty of sexual intercourse without consent, a felony. We affirm.
2. ¶ The issue on appeal is whether the District Court committed reversible error in admitting the testimony of two law enforcement officers regarding prior consistent statements made by the victim.

# BACKGROUND

3. ¶ The State of Montana (State) charged Mensing by information with committing the offense of sexual intercourse without consent by allegedly having nonconsensual sexual intercourse with Lisa Perry (Perry) on the evening of June 5, 1997. A jury trial was held on March 3 and 4, 1998.

4. ¶ During the State's case-in-chief, Perry testified about her version of the June 5, 1997, events. Thereafter, the State presented testimony, over Mensing's objection, from two law enforcement officers regarding statements Perry made to them on the evening in question.

5. ¶ The jury found Mensing guilty of sexual intercourse without consent, and the District Court subsequently sentenced him and entered judgment. Mensing appeals.

# STANDARD OF REVIEW

6. ¶ A district court has broad discretion in determining whether evidence is admissible. State v. Osborne, 1999 MT 149, ¶ 14, 982 P.2d 1045, ¶ 14, 56 St.Rep. 589, ¶ 14. Consequently, we review a district court's ruling admitting evidence to determine whether the court abused its discretion. Osborne, ¶ 14.

# DISCUSSION

7. ¶ Did the District Court commit reversible error in admitting the testimony of two law enforcement officers regarding prior consistent statements made by the victim?

8. ¶ At trial, the State called two law enforcement officers who had assisted in investigating the incident which led to the charges against Mensing as witnesses. During their testimony, both officers related statements Perry had made to them regarding what had happened on the evening of June 5, 1997. Mensing objected to the testimony on hearsay grounds. The State responded that the testimony was not hearsay because Perry's statements to the officers were prior consistent statements of a witness under Rule 801(d)(1), M.R.Evid. The District Court agreed and admitted the officers' testimony. Mensing contends that the court abused its discretion.

9. ¶ Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

Rule 801(c), M.R.Evid. Hearsay statements generally are inadmissible. Rule 802, M.R.Evid.

10. ¶ The Montana Rules of Evidence expressly provide, however, that certain statements otherwise meeting the definition of hearsay are not hearsay. See Rule 801(d), M.R.Evid. In this regard, Rule 801(d)(1)(B), M.R.Evid., provides that a statement is not hearsay if it is a prior statement by a person who testifies at trial and is subject to cross-examination regarding the statement, and the statement is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of subsequent fabrication, improper influence or motive . . . ." Thus, four requirements must be met before a witness may testify as to a declarant's prior statements under this portion of Rule 801(d): (1) the declarant must testify at trial; (2) the declarant must be subject to cross-examination regarding the statements; (3) the statements to which the witness testifies must be consistent with the declarant's testimony; and (4) the statements must rebut an express or implied charge of fabrication, improper influence or motive. State v. Scheffelman (1991), 250 Mont. 334, 338, 820 P.2d 1293, 1296.

11. ¶ It is undisputed that the first three requirements for admitting statements under Rule 801(d)(1) were met in this case: Perry testified at trial, she was available for cross-examination about her statements and the statements by Perry to which the officers testified were consistent with Perry's testimony. Mensing contends, however, that the fourth requirement was not met because he made no express or implied charge against Perry of subsequent fabrication, improper influence or motive and, as a result, the Perry statements related by the officers did not rebut such a charge. He asserts that his cross-examination of Perry, which pointed out a number of inconsistencies in her testimony, was merely an effort to cast doubt on her testimony that she did not consent to intercourse and does not constitute an express or implied charge of fabrication, motive or improper influence.

12. ¶ The State responds that the fourth requirement under Rule 801(d)(1)(B), M.R.Evid., was met. First, the State argues that Mensing's cross-examination implied Perry had been improperly influenced via coaching on her testimony by the prosecutor when she was asked how many times she talked to the prosecutor and other State personnel prior to trial and when those conversations occurred. We observe, however, that Mensing did not question Perry regarding the substance of those conversations or whether she had discussed the content of her trial testimony with any of the referenced people. Because the cross-examination did not include substantive questioning in this regard, we conclude that Mensing did not imply Perry had been improperly influenced in her testimony merely by asking her how

many times she had spoken with the prosecutor.

13. ¶ The State also argues that Mensing implied subsequent fabrication by cross-examining Perry about inconsistencies in her testimony, thereby bringing her credibility into question. It cites to State v. Medina (1990), 245 Mont. 25, 798 P.2d 1032 (overruled on other grounds in State v. Olson (1997), 286 Mont. 364, 951 P.2d 571), for the proposition that such a general attack on a witness's credibility is sufficient to allow the admission of the witness's prior consistent statements. There, the defendant argued on appeal that the district court erred in admitting prior consistent statements of a child victim and we held that the statements were properly admitted. Medina, 245 Mont. at 33, 798 P.2d at 1037. In our discussion of the law regarding Rule 801(d)(1), M.R.Evid., we cited State v. Tafoya (N.M. Ct. App. 1986), 729 P.2d 1371, for its statement that an attack on a witness's general credibility will satisfy the subsequent fabrication requirement of Rule 801(d)(1)(B). Medina, 245 Mont. at 32, 798 P.2d at 1037.

14. ¶ At the outset, we note that Tafoya's declaration that a general credibility attack is sufficient to imply a charge of subsequent fabrication and allow introduction of prior consistent statements has since been abrogated by the New Mexico Court of Appeals in State v. Casaus (N.M. Ct. App. 1996), 913 P.2d 669. There, the court stated that a charge of fabrication is shown by establishing that a witness has made "a conscious effort to lie, as contrasted to a faulty memory or a mistaken statement." Casaus, 913 P.2d at 673. The witness must have an improper intent or motive to testify falsely, or otherwise be influenced to fabricate testimony by choice. Casaus, 913 P.2d at 674. Thus, the court concluded that the statements in Tafoya and its earlier case of State v. Vigil (N.M. Ct. App. 1985), 711 P.2d 28, that a general credibility attack will constitute a charge of fabrication were "much too broad" and that, while a witness's credibility may be attacked by showing mistake or faulty memory, neither of these "rise to the level of a conscious influence, intent, or motive." Casaus, 913 P.2d at 674, n.2.

15. ¶ Notwithstanding the New Mexico court's abrogation of the Tafoya principle, however, our citation to Tafoya was not necessary to our resolution of the issue in Medina. The defendant in Medina did attack the witness's credibility during cross-examination by pointing out inconsistencies in her testimony. Medina, 245 Mont. at 33, 798 P.2d at 1037. However, the victim witness in Medina also was cross-examined about her possible motives to testify falsely and whether she had told any family members of the abuse which the defendant allegedly inflicted upon her, thus implying she had fabricated her story; it was this testimony which prompted the prosecution to present her prior consistent statements. Medina, 245 Mont. at 28, 798

P.2d at 1034. Thus, in <u>Medina</u>, the defense's attack on the witness's credibility was not general; it included direct charges of motive and reason to fabricate her testimony. Admitting a witness's prior consistent statements following a direct charge of reason to fabricate is in accord with our more recent determination that "prior consistent statements are admissible only when a specific motive to fabricate is alleged . . . ." <u>See</u> State v. Fina (1995), 273 Mont. 171, 182, 902 P.2d 30, 37 (citing State v. Lunstad (1993), 259 Mont. 512, 516-17, 857 P.2d 723, 726).

16. ¶ Here, Mensing only questioned Perry about inconsistencies in her story and implied that her memory was faulty as a result of drinking alcohol and smoking marijuana on the night in question. He did not question Perry regarding whether she had any reason to testify falsely. There was no charge--direct or implied--of a specific motive to fabricate. Our review of the record does not support the State's assertion that Mensing attacked Perry's credibility in a manner sufficient to allow admission of her prior consistent statements.

17. ¶ We conclude that Mensing made no express or implied charge of fabrication, improper influence or motive against Perry during her cross-examination and, as a result, the officers' testimony regarding her prior statements was not admissible as nonhearsay under Rule 801(d)(1)(B), M.R.Evid. The State presents no other basis on which the testimony at issue could be admissible. Consequently, we further conclude that the District Court abused its discretion in admitting the law enforcement officers' hearsay testimony regarding Perry's prior statements.

18. ¶ We will not reverse a district court for committing error which did not prejudice the defendant, however (<u>see</u> § 46-20-701(1), MCA), and a defendant is not prejudiced by the introduction of inadmissible hearsay testimony when the hearsay statements are separately admitted through the testimony of the declarant or through other direct evidence. State v. Veis, 1998 MT 162, ¶ 26, 289 Mont. 450, ¶ 26, 962 P.2d 1153, ¶ 26. Furthermore, where the declarant testifies at trial and the defendant is given the opportunity to cross-examine regarding the statements at issue, the improper admission of the declarant's out-of-court statements is considered harmless. <u>Veis</u>, ¶ 26. In the present case, Perry--the declarant of the hearsay statements at issue--testified at the trial and Mensing had the opportunity to cross-examine her about those statements. Consequently, pursuant to <u>Veis</u>, the admission of the law enforcement officers' hearsay testimony regarding Perry's prior statements was harmless error.

19. ¶ <u>Veis</u> notwithstanding, Mensing contends he was prejudiced by the officers' testimony. He asserts that, because the only issue at trial was whether the sexual intercourse was consensual, Perry's credibility was of critical importance and the

admission of her prior statements through the law enforcement officers' testimony improperly bolstered her credibility. Mensing's argument in this regard appears to be premised on the officers being the only witnesses to testify that Perry had made prior consistent statements regarding the events of the evening in question. The record, however, does not support Mensing's premise.

20. ¶ Perry's boyfriend testified regarding Perry's statements to him on the evening of the incident that Mensing had raped her, the location of the incident and details of how she had escaped from Mensing. Another witness testified that, when he saw Perry shortly after the incident, she told him Mensing had raped her and where the rape had occurred. Furthermore, the physician who examined Perry later that night testified that Perry told him she had been raped. This testimony is consistent with Perry's trial testimony and Mensing does not challenge its admissibility. Consequently, we conclude that the law enforcement officers were not the only witnesses to testify regarding Perry's prior consistent statements and the premise underlying Mensing's argument that the officers' hearsay testimony prejudiced him by improperly bolstering Perry's credibility fails. On this record, we conclude that the improper admission of the officers' hearsay testimony did not prejudice Mensing.

21. ¶ We hold that, although the District Court abused its discretion in admitting the testimony of the two law enforcement officers regarding prior consistent statements made by Perry, the error did not prejudice Mensing and, therefore, was harmless.

22. ¶ Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART