No. 98-030

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 187

300 Mont. 397

6 P.3d 448

---

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RONALD JER NIEDERKLOPFER,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Neil M. Leitch, Attorney at Law, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General; Helena, Montana

Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

---

Submitted on Briefs: May 25, 2000

Decided: July 18, 2000

Filed:

---

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

1. ¶The Petitioner, Ronald Jer Niederklopfer, filed a petition for postconviction relief in the Fourth Judicial District Court in Missoula County, in which he challenged his sentence because the State failed to give him timely notice that it sought to designate him a persistent felony offender. Niederklopfer appeals the District Court's denial of his petition. We affirm the order of the District Court.

1. ¶The following issue is raised on appeal:

Did the District Court err when it denied Niederklopfer's petition for postconviction relief?

## FACTUAL BACKGROUND

1. ¶On January 8, 1996, the State charged Niederklopfer with deliberate homicide in violation of § 45-5-102, MCA, for the death of Tambi Weinberger.
2. ¶On June 19, 1996, the District Court conducted Niederklopfer's omnibus hearing. A few weeks later, on July 1, 1996, the State filed its "Notice of Intent to Seek Increased Punishment," to notify Niederklopfer that it sought to designate him a persistent felony offender.
3. ¶On August 6, 1996, Niederklopfer signed a document entitled "Plea of Guilty and Waiver of Rights," in which he wrote: "While under extreme emotional stress I caused the death of Tambi Weinberger - I kicked her in the head and caused other injuries from which she died." Niederklopfer also acknowledged his maximum possible punishment, and that the State sought to designate him a persistent felony offender, he wrote:

The maximum possible punishment provided by law for the above-named offenses is: Count I 40 yrs MSP [] or $50,000 also up to 100 years for persistent felony offender.

Pursuant to the plea agreement the State amended the Information and charged Niederklopfer with mitigated deliberate homicide in violation of § 45-5-103, MCA. The State also agreed to dismiss a felony assault charge and a misdemeanor assault charge pending against Niederklopfer. The State recommended a prison term of 80 years as a

persistent felony offender, and that the District Court order that Niederklopfer not be eligible for parole for 40 years. On September 25, 1996, the District Court sentenced Niederklopfer in compliance with the plea agreement.

## ISSUE

1. ¶Did the District Court err when it denied Niederklopfer's petition for postconviction relief?

## STANDARD OF REVIEW

1. ¶On appeal from denial of postconviction relief, we review a district court's findings to determine if they are clearly erroneous, and the district court's conclusions to determine if the court correctly applied the law. *State v. Wilson*, 1999 MT 52, ¶ 11, 293 Mont. 429, ¶ 11, 976 P.2d 962, ¶ 11.
2. ¶Section 46-21-101(1), MCA, provides:

A person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal and who claims that a sentence was imposed in violation of the constitution or the laws of this state or the constitution of the United States, that the court was without jurisdiction to impose the sentence, that a suspended or deferred sentence was improperly revoked, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack upon any ground of alleged error available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy may petition the court that imposed the sentence to vacate, set aside, or correct the sentence or revocation order.

1. ¶Niederklopfer contends that the portion of his sentence imposed because he was designated a persistent felony offender was unlawful because the State failed to comply with the notice provisions of § 46-13-108, MCA, before designating him a persistent felony offender pursuant to § 46-18-501, MCA. Niederklopfer also contends that because his trial counsel failed to object to the State's lack of compliance with the notice provision of § 46-13-108, MCA, he was denied effective assistance of counsel. The State responds that when Niederklopfer voluntarily and intelligently pled guilty, he waived his right to challenge the State's failure to comply with § 46-13-108, MCA. The State also contends that the timing of its

notice did not prejudice Niederklopfer.

2. ¶Section 46-13-108, MCA, provides:

(1) Except for good cause shown, if the prosecution seeks treatment of the accused as a persistent felony offender, notice of that fact *must be given at or before the omnibus hearing* pursuant to 46-13-110.

(2) The notice must specify the alleged prior convictions and may not be made known to the jury before the verdict is returned except as allowed by the Montana Rules of Evidence.

(3) If the defendant objects to the allegations contained in the notice, the judge shall conduct a hearing to determine if the allegations in the notice are true.

(4) The hearing must be held before the judge alone. If the judge finds any allegations of the prior convictions are true, the accused must be sentenced as provided by law.

(5) The notice must be filed and sealed until the time of trial or until a plea of guilty or nolo contendere is given by the defendant.

(Emphasis added.) "The purpose for providing such notice is to give the defendant an opportunity to file an objection to the criminal record relied upon in the notice and to hold a hearing should there be any such objections. *See* § 46-13-108(3),(4), MCA." *State v. McQuiston* (1996), 277 Mont. 397, 408, 922 P.2d 519, 526. Pursuant to both the Fourteenth Amendment to the United States Constitution and Article II, section 17 of the Montana constitution, no person shall be deprived of life, liberty, or property without due process of law. "The fundamental requisite of due process of law is the opportunity to be heard." *Goldberg v. Kelly* (1970), 397 U.S. 254, 267, 90 S. Ct. 1011, 1020, 25 L. Ed. 2d 287 (quoting *Grannis v. Ordean* (1914), 234 U.S. 385, 394, 34 S. Ct. 779, 783, 58 L. Ed. 1363). Further, due process requires timely and adequate notice. *Goldberg*, 397 U.S. at 267, 90 S. Ct. at 1020.

1. ¶In *McQuiston*, we interpreted § 46-13-108, MCA, and concluded that the State

complied with § 46-13-108(1), MCA, but it did not comply with § 46-13-108(5), MCA; that is, the State notified McQuiston of its intent to designate him a persistent felony offender, but it did not file notice with the district court. *McQuiston*, 277 Mont. at 408, 922 P.2d at 526. We held:

McQuiston was sent notice of the State's intent to seek persistent felony status over a month prior to the omnibus hearing and five months before trial. Furthermore, the notice was filed with the District Court five months prior to sentencing. We conclude that McQuiston was not prejudiced by the State's failure to file notice of its intent to treat McQuiston as a persistent felony offender prior to trial.

*McQuiston, 277 Mont. at 409, 922 P.2d at 527. Our conclusion in McQuiston was based on State v. Madera (1983), 206 Mont. 140, 154, 670 P.2d 552, 559, where we interpreted a previous version of the persistent felony offender statute. Based on the statutory scheme in effect when we decided Madera, the State was required to notify the defense of its intent to seek persistent felony offender status prior to entry of a guilty plea or before trial. There was no good cause exception. The State was also required to file a notice with the court before sentencing. Madera, 206 Mont. at 154, 670 P.2d at 559; see also State v. Hawkins (1989), 239 Mont. 404, 407, 781 P.2d 259, 261. The defendant in Madera had received written notice before trial but claimed the second notice was deficient. We stated that the first notice to the defense was jurisdictional while the second notice to the court was simply procedural. Madera, 206 Mont. at 155, 670 P.2d at 560. We held that the State's failure to file the second notice was not prejudicial since the defendant had sufficient notice of the charge against him. We stated:*

It is obvious from section 46-18-503, MCA, that the jurisdictional notice upon which the persistent felony designation must be founded is the first notice required to be given either before the entry of plea of guilty or before the case is called for trial upon a plea of not guilty. The record here positively indicates that the first notice was given. The second notice, however, is procedural rather than jurisdictional.

*Madera, 206 Mont. at 155, 670 P.2d at 560.*

1. ¶Niederklopfer contends that since the State failed to provide him with timely notice that it sought to designate him a persistent felony offender, we must vacate that portion of his sentence attributable to his status as a persistent felony offender. The State responds that when Niederklopfer pled guilty he waived his right to challenge any constitutional or procedural defects.

1. ¶A guilty plea that is voluntary and intelligent constitutes a waiver of *nonjurisdictional* defects and defenses. *State v. Wheeler* (1997), 285 Mont. 400, 402-03, 948 P.2d 698, 699; *In re Petition of Hinman* (1995), 271 Mont. 167, 168, 895 P.2d 609, 609 (citing *Hagan v. State* (1994), 265 Mont. 31, 35, 873 P.2d 1385, 1387). Our reasoning in *Hagan* was based on two cases, *State v. Turcotte* (1974), 164 Mont. 426, 428, 524 P.2d 787, 788 and *Tollett v. Henderson* (1973), 411 U.S. 258, 93 S. Ct. 1602, 36 L. Ed. 2d 235. In *Turcotte* we said:

The general rule is that a plea of guilty voluntarily and understandingly made constitutes a waiver of nonjurisdictional defects and defenses, including claims of violations of constitutional rights prior to the plea. The reasoning is that a person pleading guilty is convicted and sentenced on his plea, not on the evidence.

164 Mont. at 428, 524 P.2d at 788. In *Tollett* the United States Supreme Court provided the following reasoning:

We thus reaffirm the principle recognized in the Brady trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

93 S. Ct. at 1608, 36 L. Ed. 2d at 243.

1. ¶In this case, the District Court had jurisdiction to consider Niederklopfer a persistent felony offender when the State filed and served its notice of intent to designate Niederklopfer a persistent felony offender on July 1, 1996. Under our current statutory scheme, timeliness of the notice was not jurisdictional. The late notice was a procedural defect.
2. ¶Niederklopfer, however, did not object when the State filed its notice late. Thus, when Niederklopfer pled guilty and admitted that he committed mitigated deliberate homicide, he waived his challenge to any constitutional or procedural defects; including timeliness of the State's notice.
3. ¶We do not address in this opinion whether the District Court would have had

jurisdiction to consider persistent felony offender status, had notice not been given before the plea was entered or a trial commenced.

4. ¶Further, Niederklopfer does not assert that his plea was involuntary or that he lacked knowledge of the consequence of being designated a persistent felony offender. On his "Plea of Guilty and Waiver of Rights," he wrote:

The maximum possible punishment provided by law for the above-named offenses is: Count I 40 yrs MSP [] or $50,000 also up to 100 years for persistent felony offender.

Therefore, when Niederklopfer entered his voluntary and intelligent plea on August 6, 1996, he waived his right to challenge the timeliness of the State's notice pursuant to § 46-13-108, MCA.

1. ¶Niederklopfer also argues that his counsel's failure to object to the State's failure to file notice in compliance with § 46-13-108, MCA, was a denial of his right to effective assistance of counsel. The two-part test for ineffective assistance of counsel was established in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674. We adopted the *Strickland* test in *State v. Boyer* (1985), 215 Mont. 143, 695 P.2d 829.

2. ¶The first question of the *Strickland* test is whether counsel acted within the range of competence demanded of attorneys in criminal cases. *Bone v. State* (1997), 284 Mont. 293, 303, 944 P.2d 734, 740. A defendant must overcome the presumption that under the circumstances the action which he challenges might be considered sound trial strategy. *Bone*, 284 Mont. at 303, 944 P.2d at 740. Counsel's trial tactics and strategic decisions cannot be the basis upon which to find ineffective assistance of counsel. *Bone*, 284 Mont. at 303, 944 P.2d at 740.

3. ¶The second prong of the *Strickland* test is the question of whether counsel's deficient performance prejudiced the defense so as to deny the defendant a fair trial. *Bone*, 284 Mont. at 303, 944 P.2d at 740. We use the *Strickland* standard when reviewing claims of ineffective assistance of counsel in petitions for postconviction relief. *Bone* (1997), 284 Mont. at 304, 944 P.2d at 740. The Strickland standard applies in the context of guilty pleas. *Bone*, 284 Mont. at 304, 944 P.2d at 740; *citing Hill v. Lockhart* (1985), 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203. In *Hill*, the United States Supreme Court said:

[I]n order to satisfy the prejudice requirement [of the *Strickland* test], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have

plead guilty and would have insisted on going to trial.

474 U.S. at 59, 106 S. Ct. at 370. The defendant in *Hill* sought federal habeas relief on the ground that his court-appointed attorney had failed to advise him that, for a second offense, he was required to serve one-half of this sentence before being eligible for parole. 474 U.S. at 53, 106 S. Ct. at 367. The Court held:

Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty.

*Hill, 474 U.S. at 60, 106 S. Ct. at 371.*

1. ¶In this case, Niederklopfer was originally charged with deliberate homicide, a felony, in violation of 45-5-102, MCA. The penalty for deliberate homicide is death, life imprisonment, or a term of not less than 10 years or more than 100 years. Section 45-5-102(2), MCA. Niederklopfer also was charged with felony assault and misdemeanor assault. Pursuant to the plea agreement, Niederklopfer agreed to plead guilty to mitigated deliberate homicide and to be designated a persistent felony offender. The State agreed to dismiss its charges of deliberate homicide, felony assault, and misdemeanor assault. It also agreed to propose a prison term of 80 years, with no parole eligibility until 40 years has been served.

2. ¶Like the petitioner in *Hill*, Niederklopfer did not allege in his petition that, had counsel informed him that the State filed a late notice of its intent to designate him a persistent felony offender, he would have pled not guilty and insisted on going to trial. He does not ask that we set aside the guilty plea. Rather Niederklopfer asks that we vacate that portion of his sentence that was attributable to his status as a persistent felony offender. Because he does not allege that a different result would follow, he has not satisfied the second prong of the *Strickland* test.

3. ¶Since Niederklopfer waived his right to object to the State's procedural violation of § 46-13-108, MCA, when he pled guilty and because Niederklopfer failed to allege that he would have gone to trial but for his counsel's failure, we conclude that the District Court did not err when it denied Niederklopfer's petition for postconviction relief.

4. ¶Accordingly, we affirm the order of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART