No. 01-317

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 263N

ANDREW C. MENSING,

Petitioner and Appellant,

v..

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Andrew C. Mensing, *Pro Se*, Deer Lodge, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Pamela P. Collins,

Assistant Attorney General, Helena, Montana

Robert M. McCarthy, Silver Bow County Attorney,

Butte, Montana

Submitted on Briefs: November 15, 2001

Decided: December 13, 2001

Filed:

_____

Clerk

Chief Justice Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Andrew C. Mensing, appearing pro se, appeals from the order of the Second Judicial District Court, Silver Bow County, dismissing his petition for postconviction relief. We affirm.

¶3 The sole issue on appeal is whether the District Court erred in dismissing Mensing's postconviction relief petition, which was based on ineffective assistance of trial and appellate counsel.

## BACKGROUND

¶4 The State of Montana charged Mensing with committing the offense of sexual intercourse without consent by allegedly having nonconsensual sexual intercourse with the victim on the evening of June 5, 1997, near the Speculator Mine in Butte, Montana. He was represented during the proceedings by appointed counsel Deirdre Caughlan and Michael Clague, and he testified during his jury trial that the sexual intercourse was consensual. The jury convicted Mensing, and the trial court subsequently sentenced him and entered judgment.

¶5 Mensing appealed to this Court and was represented on appeal by William F. Hooks, the Montana Appellate Defender. *State v. Mensing*, 1999 MT 303, 297 Mont. 172, 991

P.2d 950. The only issue raised in that appeal was whether the trial court had committed reversible error in admitting testimony from law enforcement officers regarding prior inconsistent statements made by the victim. *Mensing*, ¶ 2. We concluded the trial court had abused its discretion in admitting the testimony, but that the error did not prejudice Mensing. As a result, the court's error was harmless and we affirmed. *Mensing*, ¶¶ 17, 21-22.

¶6 Thereafter, Mensing timely filed a petition for postconviction relief in the District Court based on ineffective assistance of trial counsel Caughlan and appellate counsel Hooks. No hearing was held on Mensing's petition and the District Court dismissed it by order on April 16, 2001. This appeal follows.

## DISCUSSION

¶7 Did the District Court err in dismissing Mensing's petition for postconviction relief, which was based on ineffective assistance of trial and appellate counsel?

¶8 We review the conclusions of law in a district court's denial or dismissal of a petition for postconviction relief to determine whether the conclusions are correct. *See Dawson v. State*, 2000 MT 219, ¶ 18, 301 Mont. 135, ¶ 18, 10 P.3d 49, ¶ 18 (citation omitted).

¶9 Mensing asserts trial counsel rendered ineffective assistance by failing to interview and call at trial defense witnesses to whom the victim allegedly admitted that the sexual intercourse with Mensing was consensual. He also asserts trial counsel failed to present allegedly exculpatory photographs showing an absence of bruises on the victim's thighs. Mensing contends appellate counsel was ineffective by failing to raise ineffective assistance of trial counsel as an issue on appeal.

¶10 In considering ineffective assistance of counsel claims on both direct appeal and in postconviction proceedings such as this one, we apply the two-part test established in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The petitioner must establish that counsel's performance was deficient and that the deficient performance prejudiced his defense and deprived him of a fair trial. *Dawson*, ¶ 20 (citation omitted).

¶11 The underlying question in the deficient performance prong is "whether counsel acted within the range of competence demanded of attorneys in criminal cases." *State v.*

*Niederklopfer*, 2000 MT 187, ¶ 19, 300 Mont. 397, ¶ 19, 6 P.3d 448, ¶ 19 (citation omitted). Counsel is entitled to a presumption that the challenged actions might be sound trial strategy, and counsel's trial tactics and strategic decisions cannot be the basis for an ineffective assistance determination. *Niederklopfer*, ¶ 19 (citation omitted).

¶12 The prejudice prong requires a demonstration that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

*Allegations regarding trial counsel*

¶13 Mensing first alleges that trial counsel failed to interview and call at trial defense witnesses who would have testified that the victim told them the sexual intercourse with him was consensual. Mensing did not provide an affidavit with his petition for postconviction relief which either identified these witnesses or stated how many of them there were; nor did he attach to his petition affidavits from any of these alleged witnesses. Section 46-21-104(1)(c), MCA, requires a postconviction petition to "identify all facts supporting the grounds for relief set forth . . . and have attached affidavits, records, or other evidence establishing the existence of those facts." Mensing totally failed to meet this statutory requirement with regard to the alleged defense witnesses and, as a result, the District Court did not err in dismissing that portion of Mensing's petition for failure to state a claim upon which relief could be granted under § 46-21-101, MCA.

¶14 Mensing also contends that trial counsel failed to introduce allegedly exculpatory photographs of the victim's thighs which would have shown an absence of bruises, thereby contradicting the State's evidence--via testimony by the doctor who examined her at the hospital--that she had multiple scratches to her upper chest and shoulders, bruises on both of her inner thighs, and inflammation in the vaginal area, all of which were inconsistent with consensual sex. Mensing does not identify these photographs, which is sufficient to dismiss this portion of his petition under § 46-21-104(1)(c), MCA, as well.

¶15 Moreover, the only photographs mentioned in the record on appeal were those apparently taken by an employee of the Butte-Silver Bow law enforcement agency the day after the events in question; the State did not introduce the photographs at trial. It is clear, however, that Mensing's trial counsel knew of the existence of the allegedly exculpatory

photographs. Indeed, counsel referenced the photographs in her closing argument to the jury, regarding her view that there had been a "fairly cursory and sloppy hospital exam . . . . We heard that there were some pictures, but apparently they must not have showed much because we certainly didn't see them here today or at any time during the trial." Thus, instead of introducing the photographs, which may or may not have shown bruises on the victim's thighs, trial counsel argued the photographs must not have supported the State's case.

¶16 Counsel is presumed to have rendered adequate assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694; *see Niederklopfer*, ¶ 19. On this record, it appears trial counsel made a tactical decision regarding the photographs which was within the range of competence demanded of criminal defense attorneys.

¶17 Even assuming *arguendo*, however, that counsel's performance was deficient in this regard, Mensing establishes no prejudice as defined in *Strickland*. Here, the victim's testimony detailed the events surrounding the sexual intercourse without consent, the location of the events near the Speculator Mine, and her escape. The doctor's testimony fully supported the probability that nonconsensual intercourse had occurred. The victim's boyfriend testified she told him very shortly after the events--in a "pretty distraught" state, with dirt on her clothes--that Mensing had raped her "front and back," the location where the rape occurred and how she had escaped. Another witness who saw the victim in the same time frame testified to her statements that Mensing had raped her and where the event took place. Furthermore, while Mensing initially denied to law enforcement that he had any sexual contact with the victim on the night in question and stated he had driven her to the Cabaret Lounge, law enforcement personnel compared tire tracks near the mine to the tread on Mensing's tires and testified at trial they were consistent. Contrary to his earlier statements, Mensing testified at trial that he had sexual intercourse with the victim on the night in question, near the Speculator Mine, but that the sex was consensual.

¶18 Briefly stated, the evidence against Mensing was overwhelming. On this record, there is no reasonable probability that, but for any deficient performance by trial counsel with regard to the photographs, the result of the trial would have been different; that is, there is not a probability sufficient to undermine confidence in the outcome of Mensing's trial. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

¶19 For these reasons, we hold the District Court did not err in dismissing Mensing's petition for postconviction relief with regard to his ineffective assistance claims against

trial counsel.

*Allegation regarding appellate counsel*

¶20 The *Strickland* test also applies to claims of ineffective assistance of appellate counsel with minor modifications. The prejudice prong can be met in this regard only by establishing a reasonable probability that the petitioner would have prevailed on appeal. *See Dawson*, ¶¶ 147, 155 (citation omitted).

¶21 Mensing contends his appellate counsel rendered ineffective assistance on appeal by failing to raise an issue of ineffective assistance of trial counsel. His contention requires only brief discussion.

¶22 With regard to the claim relating to trial counsel's failure to interview or present defense witnesses who would have contradicted the victim's story and supported his own trial testimony, Mensing presented no affidavits supporting the claim with his postconviction petition. As a result, we cannot ascertain that appellate counsel knew or should have known of it. More importantly, the claim is not based on the record. The record does not disclose the existence of such witnesses and, if they existed, the record does not indicate why trial counsel did not interview them or present their testimony at trial. Where allegations of ineffective assistance of counsel cannot be documented from the record, they must be raised by petition for postconviction relief rather than on appeal. *State v. White*, 2001 MT 149, ¶ 12, 306 Mont. 58, ¶ 12, 30 P.3d 340, ¶ 12 (citations omitted).

¶23 With regard to Mensing's ineffective assistance claim against trial counsel regarding the photographs, we concluded above that he failed to establish ineffective assistance. As a result, Mensing cannot establish a reasonable probability that, but for appellate counsel's failure to raise the issue, he would have prevailed on appeal.

¶24 We conclude, therefore, that appellate counsel did not render ineffective assistance to Mensing by failing to raise ineffective assistance of trial counsel on direct appeal. As a result, we hold the District Court did not err in failing to conclude otherwise.

¶25 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE