No. 03-186

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 270N

ANDREW C. MENSING,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    District Court of the Second Judicial District,
                     In and for the County of Silver Bow, Cause No. DC-97-72,
                     The Honorable John W. Whelan, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           Andrew C. Mensing (pro se), Deer Lodge, Montana

       For Respondent:

           Hon. Mike McGrath, Attorney General; Pamela P. Collins,
           Assistant Attorney General, Helena, Montana

           Robert McCarthy, Silver Bow County Attorney; Brad Newman, Deputy
           County Attorney, Butte, Montana


                              Submitted on Briefs: August 21, 2003

                                Decided:  September 30, 2003

Filed:

_____
                       Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Petitioner, Andrew C. Mensing (Mensing), appeals from the denial of his second petition for postconviction relief. On March 4, 1998, Mensing was found guilty by a Butte jury of sexual intercourse without consent. On July 31, 1998, he was sentenced to twenty years at Montana State Prison with ten years suspended and made ineligible for parole until he had completed chemical dependency and sexual offender treatment. Mensing appealed and his conviction was affirmed. *State v. Mensing*, 1999 MT 303, 297 Mont. 172, 991 P.2d 950. Subsequently, Mensing filed a petition for postconviction relief. The Second Judicial District Court denied this petition on April 16, 2001. This Court affirmed the District Court's denial of the petition. *Mensing v. State,* 2001 MT 263N.

¶3 On May 7, 2002, Mensing filed a petition for writ of habeas corpus in this Court alleging that he had a witness that could establish his actual innocence. By order of May 21, 2002, filed in District Court on May 23, 2002, the petition was deemed a petition for postconviction relief and referred to the District Court of the Second Judicial District. *Mensing v. Montana State Prison,* No. 02-272.

¶4 In addition to the petition for writ of habeas corpus, deemed a second petition for postconviction relief, the supporting documents filed by Mensing were also submitted to the District Court. These included the affidavits of Mensing, Tony Byers, and Rhett Schow to the effect that one Steven Meeks (Meeks) told the three men, while they were all in prison, that he, Meeks, heard the boyfriend of the victim say that he had "set up" Mensing to go to prison because he had consensual sex with the victim, and that the victim was present at the time of the discussion. The District Court considered this alleged new evidence, along with Mensing's other claims, and denied the petition for postconviction relief by order of January 30, 2003. It is from this final order that Mensing now appeals.

¶5 On February 11, 2003, we entered an order amending Section I.3 of our Internal Operating Rules to provide that after all briefs have been filed in any appeal, the Court may by unanimous action *sua sponte* enter an order or memorandum opinion affirming the judgment or order of the trial court. This Court may issue a memorandum opinion when it is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law or federal law binding upon the states; because there is sufficient evidence to support the factual findings; or because there was no abuse of discretion where discretion is exercised.

¶6 We conclude that this is an appropriate case to decide pursuant to our February 11, 2003, order calling for memorandum opinions.

¶7 Here, the District Court's order dismissing Mensing's petition for postconviction relief is clearly in accord with settled law. The alleged new evidence offered by Mensing,

3

even if he had been able to produce an affidavit from Meeks, would not do more than attack the credibility of the State's witnesses at trial, would merely be cumulative of the defense presented by Mensing at trial, and it is not so material that it would probably produce a different result at trial. *State v. Abe*, 2001 MT 260, ¶ 10, 307 Mont. 233, ¶ 10, 37 P.3d 77, ¶ 10. Therefore, the District Court's findings of fact are supported by substantial evidence and the court's conclusions of law are correct. The other matters alleged by Mensing, including his claim of ineffective assistance of counsel, which have been the subject of both his direct appeal and the prior petition for postconviction relief, do not require further discussion.

¶8      We affirm the judgment of the District Court.


                                                            /S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

4