No. 04-731

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 283N

DOUGLAS E. HERMAN,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:   The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2004-009,
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Douglas E. Herman, Pro Se, Deer Lodge, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Carol E. Schmidt,
Assistant Attorney General, Helena, Montana

        Dennis Paxinos, County Attorney, Billings, Montana

Submitted on Briefs:  October 5, 2005

Decided:  November 8, 2005

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On October 16, 2002, Douglas Herman signed an acknowledgment and waiver of rights and pled guilty to driving while under the influence of alcohol, a felony in violation of § 61-8-401, MCA. Herman signed a plea agreement whereby he acknowledged: "I am charged with the offense of DUI (I) [and] designated a PFO [Persistent Felony Offender] and the maximum possible penalty provided by law is imprisonment in the State Prison for a term of 100 years, and/or a fine of 50,000 dollars" pursuant to § 46-18-501, MCA. On February 4, 2003, the District Court for the Thirteenth Judicial District, Yellowstone County, sentenced Herman to a term of fifteen years in Montana State Prison, with five years suspended. Herman filed an appeal, but since the filing did not occur within sixty days, this Court dismissed the appeal as untimely under Rule 5(b), M.R.App.P. Herman then filed a petition for postconviction relief in the District Court, along with a memorandum in support. After the court denied Herman postconviction relief, he timely filed a notice of appeal with this Court.

¶3 On appeal, Herman sets forth several issues, which we restate as follows:

2

¶4    1. Whether Herman has been denied due process of law by the State's failure to comply with § 46-13-108, MCA, by not filing notice, at or before the omnibus hearing, that it sought to designate Herman a persistent felony offender.

¶5    2. Whether the sentencing court lacked statutory authority to impose a fifteen-year sentence under the persistent felony offender statute.

¶6    3. Whether Herman has been wrongly denied counsel and necessary documents for filing this appeal.

¶7    We affirm.

ISSUE 1

*Whether Herman has been denied due process of law by the State's failure to comply with § 46-13-108, MCA, by not filing notice, at or before the omnibus hearing, that it sought to designate Herman a persistent felony offender.*

¶8    The State charged Herman with violating § 61-8-401, MCA, for driving under the influence of alcohol or drugs for a fourth or subsequent offense. The record demonstrates that Herman signed a plea agreement whereby he acknowledged: "I am charged with the offense of DUI (I) [and] designated a PFO and the maximum possible penalty provided by law is imprisonment in the State Prison for a term of 100 years, and/or a fine of 50,000 dollars." Herman contends that the State violated § 46-13-108, MCA, by not filing a notice "at or before the omnibus hearing" specifying his "alleged prior convictions," as mandated by the statute. Section 46-13-108, MCA. The State contends that Herman lacks recourse because he waived nonjurisdictional defects and defenses when he pled guilty. As precedent,

3

the State cites *State v. Wheeler* (1997), 285 Mont. 400, 402, 948 P.2d 698, 699, in which we held that "[a]fter a criminal defendant pleads guilty and thereby admits that he is guilty of the offense charged, he may only attack the voluntary and intelligent character of his plea and may not raise independent claims relating to prior deprivation of his constitutional rights." Accordingly, because Herman pled guilty to the persistent felony offender designation, without raising a prior objection to the State's failure to file notice in compliance with § 46-13-108, MCA, he waived the issue.

¶9      We have previously addressed non-compliance with § 46-13-108, MCA, in *State v. Niederklopfer*, 2000 MT 187, 300 Mont. 397, 6 P.3d 448, where the defendant was convicted of deliberate homicide and sentenced under the persistent felony offender statutes. Unlike the present case, the State in *Niederklopfer* filed notice that it sought a persistent felony offender designation, but it did not do so until a few weeks after the omnibus hearing. *Niederklopfer*, ¶ 4. Subsequent to the notice, Niederklopfer signed a plea of guilty and waiver of rights. *Niederklopfer*, ¶ 5. In filing for postconviction relief, Niederklopfer argued that "the State failed to provide him with timely notice" as required by § 46-13-108, MCA, and therefore the portion of his sentence attributable to his persistent felony offender status should be vacated; the State responded that Niederklopfer waived his right to challenge any constitutional or procedural defects by pleading guilty. *Niederklopfer*, ¶ 12. In reaching our conclusion, we noted that "a plea of guilty voluntarily and understandingly made constitutes a waiver of nonjurisdicitonal defects and defenses" and that "late notice was a procedural defect," not jurisdictional. *Niederklopfer*, ¶¶ 13-14 (citing *State v. Turcotte* (1974), 164

4

Mont. 426, 428, 524 P.2d 787, 788). Since Niederklopfer did not object to the State's failure to file timely notice before pleading guilty, we held that he "waived his challenge to any constitutional or procedural defects; including timeliness of the State's notice." *Niederklopfer*, ¶ 15.

¶10 We reach a similar conclusion in this case. Since Herman pled guilty to designation as a persistent felony offender, he has waived the right to object to the State's procedural error in not filing a notice in compliance with § 46-13-108, MCA.

ISSUE 2

*Whether the sentencing court lacked statutory authority to impose a fifteen-year sentence under the persistent felony offender statute.*

¶11 Pursuant to the persistent felony offender statutes, §§ 46-18-501 and 46-18-502, MCA, the District Court sentenced Herman to fifteen years in prison with five years suspended. Herman argues that the District Court lacked authority to impose a fifteen-year sentence because the State charged him with driving while under the influence of alcohol pursuant to § 61-8-731, MCA, which carries a maximum sentence of only thirteen months. While Herman correctly notes that the State charged him pursuant to § 61-8-731, MCA, he fails to recognize that the court legally sentenced him to more than thirteen months pursuant to the persistent felony offender statutes. "[A] district court possesses the statutory authority to designate and sentence a defendant as a persistent felony offender pursuant to § 46-18-502, MCA." *State v. Yorek*, 2002 MT 74, ¶ 18, 309 Mont. 238, ¶ 18, 45 P.3d 872, ¶ 18. As discussed above, Herman voluntarily and knowingly pled guilty to a designation as a

5

persistent felony offender. Pursuant to § 46-18-502, MCA, the court may sentence a persistent felony offender "for a term of not less than 5 years or more than 100 years or shall be fined an amount not to exceed $50,000, or both . . . ." Thus, the fifteen-year sentence was within the court's statutory authority.

ISSUE 3

*Whether Herman has been wrongly denied counsel and necessary documents for filing this appeal.*

¶12 Finally, Herman claims he was denied assistance of counsel on direct appeal. As the District Court noted in its order denying postconviction relief, Herman had assigned-counsel when he pled guilty. Because the court filings do not indicate that the District Court relieved counsel, Herman effectively had counsel throughout any appeal process. Although Herman does not argue, per se, that on appeal he received "ineffective assistance of counsel," this appears to be his contention.

¶13 We review claims of ineffective assistance of counsel pursuant to the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674).

> The first prong of the *Strickland* test is to determine whether counsel acted within the range of competence demanded of attorneys in criminal cases. The second prong of the *Strickland* test requires a defendant to show that counsel's deficient performance prejudiced the defense so as to deny the defendant a fair trial. In order to show prejudice, the petitioner must show that there is a reasonable probability that, because of the error, the defendant was denied a fair trial.

*State v. Berg*, 1999 MT 282, ¶ 28, 296 Mont. 546, ¶ 28, 991 P.2d. 428, ¶ 28 (internal citations omitted).

6

¶14 Given that we have found no merit to Herman's contentions concerning his designation as a persistent felony offender, even if we assume, arguendo, that he received ineffective assistance of counsel, he has failed to satisfy the second prong of the *Strickland* test. That is, he is unable to show that he was prejudiced.

¶15 Finally, there is no merit to Herman's contention that he was prejudiced by not having transcripts of the sentencing hearing. Herman's contention that the District Court lacked statutory authority to designate him a persistent felony offender is a purely legal issue which does not require a review of the sentencing transcript.

¶16 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS