No. 86-439

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

JUSTIN WADE BROWN,

        Defendant and Appellant.

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Keith, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Joe R. Roberts, Asst. Atty. General, Helena, Montana
Patrick Paul, Cascade County Attorney, Great Falls,
Montana

Submitted on Briefs:  April 30, 1987

Decided:  August 25, 1987

Filed:  AUG 25 1987

*Ethel M. Harrison*

————————————————————
Clerk

Mr. Chief Justice J.A. Turnage delivered the Opinion of the Court.

Justin Brown appeals a jury conviction for felony theft in the Eighth Judicial District, Cascade County. On June 12, 1986, Brown was sentenced to ten years in prison with five years suspended. He was also designated a persistent felony offender and sentenced to an additional ten years with five years suspended, to run consecutively. We affirm the conviction.

Brown raises three issues for our review:

1. Did Brown receive effective assistance of counsel?

2. Did the District Court err when it designated Brown a persistent felony offender?

3. Did the District Court err when it denied Brown's request to represent himself?

On May 23, 1985, the Great Falls residence of Tim Murray was burglarized. Several pieces of stereo equipment, valued in excess of $300, were stolen. Two days later, Officer John Cameron of the Great Falls police was contacted by Raelene Wilson. Based on information she provided, Officer Cameron and Officer Al Redenbaugh went to the residence of Sandra LaRoque.

After receiving LaRoque's consent to search under her mobile home, the officers found some of the stolen stereo equipment. LaRoque identified Brown as one of the people who brought the stereo equipment to her home. Fingerprints on the stereo equipment matched those of Brown. On January 2, 1986, Brown was charged with burglary and theft.

The jury was unable to reach a verdict on the burglary charge, but convicted Brown of felony theft, as specified in § 45-6-301(1)(a), MCA: "A person commits the offense of theft when he purposely or knowingly obtains or <u>exerts</u>

unauthorized control over property of the owner and has the purpose of depriving the owner of the property." (Emphasis added.)

## Issue 1

Did Brown receive effective assistance of counsel?

Brown's trial was scheduled for Monday morning, April 7, 1986. On the afternoon of April 3, 1986, Brown filed a pro se "motion and order" requesting the discharge of his court-appointed counsel, Nancy Belcheff, for ineffective assistance. He further requested a continuance of his trial date. The court held a hearing on the motion, where Brown stated: "If I have to have her representation, then I will represent myself, its as simple as that." The court denied Brown's request. Brown's trial was held as scheduled with Nancy Belcheff serving as defense counsel.

At trial, Officer Cameron testified that Raelene Wilson told him Brown approached Wilson about buying some stereo equipment. Officer Redenbaugh testified that Sharon LaRoque said Brown brought the equipment to LaRoque's trailer. Detective Renman testified that Brown was informed of his Miranda rights, and that Brown admitted to possessing the stolen equipment. Defense counsel did not object to the testimony of the three officers. Neither Wilson nor LaRoque testified at the trial. In chambers following his case-in-chief, Brown decided against taking the stand and rebutting Detective Renman's testimony.

After the case went to the jury, the jury requested to rehear Detective Renman's testimony about Brown's admission. The judge allowed the court reporter to read the testimony back to the jury. Defense counsel did not object to that procedure.

3

Brown contends that the cumulative effect of defense counsel's unmade objections caused his conviction and constituted ineffective assistance. Brown also contends that the readback improperly emphasized Detective Renman's testimony.

We review issues of ineffective assistance of counsel under the standard of Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693: "First the defendant must show that counsel's performance was deficient . . . Second, the defendant must show that the deficient performance prejudiced the defense."

The ineffective assistance must be apparent from the record. However, our examination of the legal defense provided to Brown shows neither deficiency in assistance, nor deprivation of a fair trial. Brown alleges tactical trial errors, but fails to show how these alleged errors reached the magnitude of deficient performance. As we have repeatedly held, the decisions on the timing and number of objections lie within counsel's tactical discretion. State v. Matson (Mont. 1987), 736 P.2d 971, 978, 44 St.Rep. 874, 882. In reviewing the pretrial record and trial transcript, we find that defense counsel's performance was adequate.

Brown fails to show how defense counsel's performance prejudiced his defense. Any sustained objections to the officers' direct testimony would not have materially altered the case against Brown. The statements of Wilson and LaRoque were confirmed by the discovery and fingerprint analysis of the stolen property.

Furthermore, the readback of Detective Renman's testimony did not result in undue emphasis. The court asked, "Does that answer your question?" and the juror replied, "No, it does not." The court refused to accept any further questions. We find that Brown suffered no prejudice as a result of the readback.

4

We hold that defense counsel provided adequate and effective assistance. Brown stands convicted, not on the basis of unmade objections, but on the basis of substantial evidence which conclusively linked him to the stolen equipment.

## Issue 2

Did the District Court err when it designated Brown a persistent felony offender?

The State served notice to Brown of its intention to seek a persistent felony offender designation. At the sentencing hearing on June 11, 1986, the State presented a certified copy of a Wyoming judgment in which Brown was convicted of forgery. Based upon this felony conviction, the District Court designated Brown a persistent felony offender, as defined in § 46-18-501, MCA: "A 'persistent felony offender' is an offender who has previously been convicted of a felony and . . . less than 5 years have elapsed between commission of the present offense . . . and the previous felony conviction."

Brown contends that the State failed to properly identify him as the person named in the Wyoming judgment. Brown admits that by failing to make a specific objection to his identification, he has waived his right to assert that the certificate of prior conviction was not competent evidence. State v. Metz (1979), 184 Mont. 533, 535, 604 P.2d 102, 104. However, Brown asserts that this failure to object is another example of counsel's ineffective assistance.

Contrary to Brown's contentions, our review of the record at sentencing reveals that defense counsel was a diligent advocate for Brown. Her decision to not object to the Wyoming judgment was prudent, especially in light of Brown's behavior. As the District Court told Brown at

5

sentencing: "You don't pick and choose your counsel. You are lucky to have one at all. It's been the observation of this Court that she has done a tremendous job considering your lack of cooperation with her." We find that counsel's decision rested within the scope of effective assistance.

Furthermore, Brown never denied that he was the person named in the Wyoming judgment. If, arguendo, defense counsel had objected to the certificate, the State was prepared to verify the identity of Brown through the testimony of a deputy. Brown fails to show that any of his rights were compromised in the sentencing process.

We find no merit in Brown's argument. We hold that the District Court properly sentenced Brown as a persistent felony offender.

## Issue 3

Did the District Court err when it denied Brown's request to represent himself?

Brown contends that the forced imposition of counsel violated his Sixth Amendment right to effectively defend himself. Brown further asserts that the court should have appointed standby counsel if Brown was competent to waive counsel.

In analyzing this issue, we note that the Sixth Amendment right to counsel includes the right of an accused to personally make his own defense. However, before a court can remove appointed counsel, the defendant must be competent to abandon his right to counsel. A trial court can appoint standby counsel and allow the defendant to represent himself, but only if the court is satisfied that the defendant has knowingly and intelligently waived his counsel. McKaskie v. Wiggins (1984), 465 U.S. 168, 173, 104 S.Ct. 944, 948, 79 L.Ed.2d 122, 130.

A careful review of the record, from pretrial proceedings through sentencing, confirms that defense counsel provided competent assistance. When a defendant is adequately represented by counsel, he does not have the constitutional right to also represent himself. State v. Smith (Mont. 1983), 670 P.2d 96, 101, 40 St.Rep. 1533, 1538. When questioned on April 3, Brown failed to cite any specific instances of deficient performance by his counsel. Furthermore, Brown's pretrial conduct was uncooperative. Brown's competence to adequately represent himself was doubtful.

The decision to remove appointed counsel lies within the discretion of the trial court. Based on the demonstrated representation of Nancy Belcheff, and the potential for inadequate self-representation by Brown, we hold that the court properly denied Brown's request.

We affirm Brown's conviction.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices