No. 99-564

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 338

303 Mont. 153

15 P. 3d 464

_____

STATE OF MONTANA,

Plaintiff and Respondent,

v.

YEVGENIY ALEKSEEVICH DYFORT,

Defendant and Appellant.

_____

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry G. Sehestedt, Attorney at Law, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; C. Mark Fowler,

Assistant Attorney General, Helena, Montana

Fred Van Valkenberg, Missoula County Attorney, Missoula, Montana

_____

Submitted on Briefs: August 3, 2000

Decided: December 19, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

1. ¶Yevgeniy Alekseevich Dyfort appeals from a conviction of burglary in the Fourth Judicial District Court, Missoula County. The sole issue raised on appeal is whether defense counsel was ineffective when he stipulated to admission of evidence of an accomplice's Alford plea of guilty in the absence of a cautionary statement to the jury. We dismiss the appeal without prejudice.

## BACKGROUND

1. ¶On October 2, 1998, an altercation occurred on Main Street of Missoula, Montana, between Nikolay Lemeza and Timofyey Pasechnikov on one side, and Igor Dyfort and Bogdan Shtyba on the other side. Apparently, Igor Dyfort and Bogdan Shtyba were fighting with Nikolay Lemeza, and eventually kicked Nikolay Lemeza. During the altercation, Timofyey Pasechnikov displayed an item that appeared to be a silver gun, though it was actually a silver cigarette lighter. Timofyey Pasechnikov reported the altercation to the police.

2. ¶Later that same evening, when Nikolay Lemeza returned to his sister's apartment, he had received a threatening phone call from Igor Dyfort on the answering machine. Shortly thereafter, Timofyey Pasechnikov returned to the apartment, and then left the apartment with Lemeza. They returned later in the evening. Approximately half an hour after their return, a number of men arrived outside the apartment. Yevgeniy Dyfort, Igor Dyfort's brother, was one of the five or six men who arrived at the victim's apartment. Oleg Dyfort, Anatoli Vasilenko, Ivan Suprunchik, and Konstatin Kopets were also present. In an interview with the police, Yevgeniy Dyfort asserted that he went to the apartment to "kick some ass." One of the men spoke to a neighbor, Jodi Hiatt, for a few minutes, while the others conversed with each other. From inside the apartment, Lemeza and Pasechnikov heard their voices, and Lemeza peeked outside to see five or six men standing near the apartment window. Then Lemeza hid in a laundry room in the apartment. Jodi Hiatt testified that she heard the sounds of the men breaking down the apartment door and loud bangs. Lemeza testified that a few seconds after the men broke down the door, Pasechnikov yelled "Freeze" and fired a gun four times. Some seconds later, Lemeza opened the laundry room door and saw Ivan Suprunchik and Oleg Dyfort lying wounded inside the entrance to the apartment. Lemeza witnessed

Yevgeniy Dyfort in the apartment immediately after the shooting, asking one of the victims "[W]hy did he shoot?" and also witnessed Yevgeniy Dyfort quickly walk out of the apartment when he called 911. The call to 911 was placed at 3:30 a.m.

3. ¶At 9:20 a.m., Missoula County deputy sheriffs stopped two cars traveling together after an officer observed Igor Dyfort in one of the cars. Yevgeniy Dyfort was also in one of the cars with several other people. The police arrested and confiscated Yevgeniy's clothes as evidence. The State filed an Information charging Yevgeniy Dyfort with burglary on October 19, 1998. A trial commenced on April 20, 1999. The key issue at trial was whether Yevgeniy Dyfort had knowingly and unlawfully entered the apartment with the purpose to commit an offense or whether he merely entered the apartment after the door had been broken and shots were fired. The jury found Yevgeniy Dyfort guilty of burglary. The court entered judgment and sentence on August 19, 1999, sentencing Yevgeniy Dyfort to ten years with the Department of Corrections, with five years suspended on certain conditions. Dyfort appeals.

## DISCUSSION

1. ¶Was defense counsel ineffective when he stipulated to admission of evidence of an accomplice's plea of guilty in the absence of a cautionary statement to the jury?

2. ¶Dyfort alleges that his counsel, Larry Mansch, rendered ineffective assistance of counsel when he allowed the State to use evidence of Dyfort's accomplice's Alford plea as substantive evidence of Dyfort's guilt. The State contends that Dyfort raises a claim for ineffective assistance of counsel which this Court cannot resolve based on the record before us. We agree.

3. ¶In considering ineffective assistance of counsel claims on direct appeal or in postconviction proceedings, we apply the two-pronged standard of review set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674. *See Hagen v. State*, 1999 MT 8, ¶ 10, 293 Mont. 60, ¶ 10, 973 P.2d 233, ¶ 10. Under the *Strickland* test, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Hagen,* ¶ 10.

4. ¶Before reaching the merits of a claim of ineffective assistance of counsel, however, we must decide whether such allegations are properly before us or whether the ineffective assistance of counsel claims must be pursued in a petition for postconviction relief pursuant to § 46-21-105(2), MCA. *See Hagen*, ¶¶ 11-12. Section 46-21-105(2), MCA, provides that grounds for relief which reasonably could have been raised on direct appeal may not be raised thereafter in a petition for

postconviction relief. When ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal; conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for postconviction relief. *See Hagen*, ¶ 12 (holding that where ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal; and where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for postconviction relief); *State v. Bromgard* (1995), 273 Mont. 20, 23, 901 P.2d 611, 613 (holding that allegations based on facts that cannot be documented from the record in the underlying case must be raised by petition for postconviction relief); *Petition of Evans* (1991), 250 Mont. 172, 173, 819 P.2d 156, 157 (holding that ineffective assistance of counsel claims are inappropriate in direct review if the claim requires consideration of factual matter outside of the record). A claim of ineffective assistance of counsel is based on the record and must be raised on direct appeal if the allegations can be established or disproved on facts that can be documented solely from the record presented on appeal. *See Bromgard*, 273 Mont. at 23, 901 P.2d at 613; *State v. Courchen* (1992), 256 Mont. 381, 389, 847 P.2d 271, 275-76.

5. ¶Dyfort argues that his claim of ineffective assistance of counsel due to a failure to object to the admission of evidence is a record based claim. We disagree. Following the testimony of the State's final witness, the State moved for admission of a certified copy of Konstantin Kopets' Alford plea of guilty to burglary. During an extended conversation outside the presence of the jury, a discussion of the admissibility of Kopets' plea agreement ensued. The trial judge ruled that the guilty plea itself was properly admitted, but ruled that defense counsel could not mention to the jury the effect of the specific sentence, including the fact that the plea bargain negated the possibility of deportation. The certified copy of the Judgment was withdrawn and the jury was later informed that Konstantin Kopets pled guilty to burglary pursuant to an Alford Plea. After the ruling, defense counsel did not object to admission of the plea bargain.

6. ¶Dyfort argues that his defense counsel originally had a tactical reason for not objecting to the admission of the plea evidence because he planned to introduce evidence to show that, as a condition of the plea bargain and sentence, Dyfort's accomplice could avoid deportation. Subsequent to the admission of the plea bargain, Dyfort's defense counsel failed to request a cautionary instruction to the jury concerning the limitations upon permissible use of such evidence.

7. ¶ The record before us is silent as to the extent of Mr. Mansch's trial preparation and strategy that might indicate his reasons for stipulating to the admission of Dyfort's accomplice's guilty plea without objecting to the limitations placed by the judge and failing to ask for a limiting instruction for the jury. Because of the general indications that Mr. Mansch may have had specific tactical intentions relating to admission of the accomplice plea bargain, we cannot determine, without more evidence, whether Mr. Mansch did not perform as effective counsel for the defendant. A silent record cannot rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See State v. Langford* (1991), 248 Mont. 420, 432, 813 P.2d 936, 946 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 674.) Absent a complete record, this Court will not speculate on Mr. Mansch's alleged error.

8. ¶Thus, we conclude that Dyfort's allegations of ineffective assistance of counsel are not record based. We dismiss this appeal without prejudice to the filing by Dyfort of a petition for postconviction relief.

/S/ JIM REGNIER

We Concur:

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART