No. 99-096

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 149

---

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DEBORAH JEAN WHITE,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Ninth Judicial District,

In and for the County of Pondera,

The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kenneth R. Olson, Great Falls, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, C. Mark Fowler, Assistant Montana Attorney General, Helena, Montana; Chris R. Christensen, Pondera County Attorney, Conrad, Montana

---

Submitted on Briefs: September 21, 2000

Decided: August 9, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

1. ¶Appellant Deborah Jean White (White) appeals the Judgment of Conviction and Sentencing Order entered by the Ninth Judicial District Court, Pondera County, sentencing her to three 10-year concurrent sentences for felony forgery, with eight years suspended from each. White claims, on direct appeal, that she was denied effective assistance of counsel. The State contends that her claim is procedurally barred because the effectiveness of her trial counsel cannot be substantiated by the record, and therefore this Court should dismiss her claim without prejudiced.

2. ¶We agree with the State, and affirm.

3. ¶White raises the following issue:

*Was White denied effective representation of counsel which prejudiced her right to a fair trial?*

## FACTUAL AND PROCEDURAL BACKGROUND

1. ¶An Information was filed on December 16, 1997, charging White with three counts of felony forgery in violation of § 45-6-325, MCA. White allegedly forged checks totaling $105,000 while employed by Chester Brown as a live-in housekeeper. Following a trial in October of 1998, a jury found White guilty on all three counts. A sentencing hearing took place in November, resulting in the entry of judgment and sentence on November 30, 1998. White was sentenced to three concurrent 10-year sentences with eight years suspended from each.

2. ¶White contends that she was denied the effective representation of counsel in this case. She claims her counsel failed to develop a theory of defense, made no opening statement, failed to make timely objections to critical evidence, presented no evidence or defense, and failed to offer proper jury instructions. Accordingly, she requests that this Court reverse the District Court's jury verdict and remand for a new trial.

## DISCUSSION

1. ¶As a threshold issue, the State contends this Court cannot address White's ineffective assistance of counsel claim based on the record. The State directs our attention to an Order, dated October 14, 1999, where this Court declared that a petition for post-conviction relief would be the proper avenue for White's non-

record-based ineffective assistance of counsel claim. The Order resulted from White's motion for an evidentiary hearing to allow her to develop facts that were not part of the record and that were necessary to sustain her claim of ineffective assistance of counsel.

2. ¶The State points out that here, on direct appeal, White has now "reformulated" her non-record-based claims to integrate some assertions that are arguably resolvable based on the record, but are nevertheless best suited for post-conviction proceedings. The State stands by this Court's Order, and requests that we dismiss White's appeal without prejudice.

3. ¶White, on the other hand, contends that her claim of prejudicial error resulting from her former trial counsel's various failures to provide her effective representation are supported by the record, and are therefore properly before this Court on direct appeal.

4. ¶As for this Court's prior Order, White acknowledges that she "understands that the Court cannot consider matters not in the record." White contends, however, that she can "point out to the Court certain facts, based upon their absence from the record." The record shows, for example, that her counsel called no witnesses, including the failure to call an expert to rebut or discredit the testimony of the State's handwriting expert. Likewise absent from the record is an opening statement by her counsel and the offering of a "theory of the case" to the jury at any stage of the proceedings. White argues that these factors, which are evident by their absence from the record, clearly demonstrate her trial counsel's deficient performance.

5. ¶Accordingly, in order for this Court to reach the issue of ineffective assistance of counsel, we must first resolve the procedural question addressed by the State and White.

6. ¶In considering ineffective assistance of counsel claims on direct appeal or in post-conviction proceedings, we apply the two-pronged standard of review set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See Hagen v. State*, 1999 MT 8, ¶ 10, 293 Mont. 60, ¶ 10, 973 P.2d 233, ¶ 10. Under the *Strickland* test, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *See Hagen*, ¶ 10 (citations omitted).

7. ¶In *Hagen*, this Court set forth the general procedural rule drawn from prior case law that where ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal and, conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for

post-conviction relief. *See Hagen*, ¶ 12 (citations omitted). We further emphasized that raising record-based ineffective assistance of counsel claims on direct appeal does not foreclose raising non record-based claims via petition for post-conviction relief. *See Hagen*, ¶ 15 (citations omitted).

8. ¶The underlying principle of the foregoing rule is that a silent record cannot rebut the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, under this Court's *Strickland*-based analysis. *See State v. Langford* (1991), 248 Mont. 420, 432-33, 813 P.2d 936, 946. Absent a complete record, this Court will not speculate on counsel's alleged errors. *See State v. Dyfort*, 2000 MT 338, ¶ 11, 303 Mont. 153, ¶ 11, 15 P.3d 464, ¶ 11.

9. ¶As for what constitutes on-record and off-record actions of counsel that may be adjudged ineffective, our case law supplies general guidelines. Most reflect a fairly bright line, separating recorded courtroom proceedings from other actions or omissions of counsel that are ordinarily associated with representing a criminal defendant. Nevertheless, the two distinct classifications tend to overlap at times where non-recorded actions are in turn reflected by the record, such as where a poorly executed pre-trial maneuver results in obvious prejudicial cross-examination of a key witness for the State, or the failure to launch an objection to damaging testimony or evidence during trial.

10. ¶Generally, an alleged failure to object to the introduction of evidence, or to object to the testimony of a witness, or object to prosecutorial misconduct at trial has been deemed record-based, and therefore appropriate for direct appeal. *See Hagen*, ¶ 20 (citing cases and stating that "[t]he absence of an objection by counsel--that is, a failure to object--is a fact easily documented by reviewing the record . . ."). *See also State v. Raugust*, 2000 MT 146, ¶ 41, 300 Mont. 54, ¶ 41, 3 P.3d 115, ¶ 41; *State v. Hanson* (1997), 283 Mont. 316, 327-29, 940 P.2d 1166, 1173-74.

11. ¶This Court has, however, held that decisions regarding the timing and number of objections lie within counsel's tactical discretion, which would indicate that non-record based information explaining the tactic may be involved, and thus should be barred from review on direct appeal. *See State v. Brown* (1987), 228 Mont. 209, 212, 741 P.2d 428, 430 (citing *State v. Matson* (1987), 227 Mont. 36, 47, 736 P.2d 971, 978). Further, a non-record based act or omission by counsel may actually include a failure to object to the admission of evidence which is evidenced by the record. In *State v. Dyfort*, for example, the failure to object to the admission of another defendant's plea agreement resulted from an off-record discussion at trial. Thus, the record was inadequate to explain why counsel had, in fact, acquiesced to the admission of the evidence. *See Dyfort*, ¶¶ 9-10. Similarly, this Court concluded

in *State v. St. John*, 2001 MT 1, ¶ 40, 304 Mont. 47, ¶ 40, 15 P.3d 970, ¶ 40, that counsel's failure to object on the record to a district court's failure to consider sentencing alternatives was not record-based, and therefore was an inappropriate claim for direct appeal.

12. ¶Along these same lines, counsel's own conduct at trial in presenting the defendant's case--such as improperly eliciting damaging testimony from a witness, or rendering an improper opening statement or closing argument--may be pointed to as a record-based instance of ineffective representation. *See Hagen*, ¶¶ 23, 26; *Petition of Hans*, 1998 MT 7, ¶ 42, 288 Mont. 168, ¶ 42, 958 P.2d 1175, ¶ 42. Nevertheless, this Court has determined that where counsel chooses to offer *no* opening statement at all, such a "tactic"--if it is indeed a "tactic"--is a non-record matter best suited for post-conviction relief. *See Dawson v. State*, 2000 MT 219, ¶ 99, 301 Mont. 135, ¶ 99, 10 P.3d 49, ¶ 99.

13. ¶As for those clearly non-record based areas of representation, this Court has identified counsel's failure to adequately investigate, or failure to prepare a defense, or failure to familiarize him or herself with critical areas of the applicable law. *See Hagen*, ¶ 21 (quoting *Fitzpatrick v. State* (1981), 194 Mont. 310, 638 P.2d 1002). More specifically, this Court has determined that counsel's alleged failure to interview and prepare witnesses for trial--although the witnesses may in fact prejudicially testify on the record--may be claimed as non-record based. *See Hagen*, ¶ 37. Also, the failure to fully inform a defendant of the consequences of his various options and rights may constitute a non-record ineffective assistance claim--although the prejudicial results of the ineffectiveness appear on the record. *See generally Hans v. State* (1997), 283 Mont. 379, 393-407, 942 P.2d 674, 682-91; *State v. Niederklopfer*, 2000 MT 187, ¶ 22, 300 Mont. 397, ¶ 22, 6 P.3d 448, ¶ 22; *Dawson*, ¶ 32 (counsel did not render ineffective assistance for failing to object to the procedures for, and evidentiary use of, defendant's psychiatric evaluation).

14. ¶The failure of counsel to offer a particular jury instruction, generally, will be a non-record matter as well. *See State v. Sheppard* (1995), 270 Mont. 122, 127-31, 890 P.2d 754, 757-58 (petition for post-conviction relief on ineffective assistance claim based on counsel's failure to offer lesser-included offense instruction). *But see State v. Leyba* (1996), 276 Mont. 45, 49-50, 915 P.2d 794, 796 (defendant made it clear to court, on record, that he did not want the jury to consider mitigated deliberate homicide instructions).

15. ¶Though not easily distilled into a formula, the definitive question that distinguishes and decides which actions are record and which are non-record, is *why*? In other words, if counsel fails to object to the admission of evidence, or fails to offer an

opening statement, does the record fully explain *why* counsel took the particular course of action? If not, then the matter is best-suited for post-conviction proceedings which permit a further inquiry into whether the particular representation was ineffective. Only when the record will fully explain why counsel took, or failed to take, action in providing a defense for the accused may this Court review the matter on direct appeal.

16. ¶Applying the foregoing to the case at bar, we will first dispense with those claims that clearly fall on the opposite side of the bright line separating record and non-record areas of representation.

17. ¶First, White points to her counsel's general lack of trial preparation, and argues that this deficiency is reflected in the record by the noticeable absence of an opening statement. White then argues, more or less, that the absence of an opening statement is a *per se* indication of insufficient representation that should trigger a record-based review--at least according to a treatise on the subject co-authored by celebrated criminal defense attorney F. Lee Baily. We disagree.

18. ¶The record simply does not describe why counsel chose to reserve his presentation of an opening statement for White's case in chief, and then, when that moment arrived, chose to rest without introducing any evidence or calling even one witness. *See Dawson*, ¶ 99. Likewise, we have an insufficient record to determine why counsel chose to offer a particular theory in his closing argument to the jury, one that White claims was not a theory at all--rather, a clear indication of counsel's ill-preparation. Similarly, we have no record-based indication explaining why a viable theory was or was not presented via jury instructions. We also have a record that cannot fully explain why a rebuttal witness was not called to counter the State's handwriting expert--where perhaps counsel's chosen tactic was simply to rely on cross-examination. We hold that the foregoing claimed deficiencies are categorically non-record based, and therefore cannot be reviewed on direct appeal.

19. ¶Accordingly, this leaves White's remaining claim, that her counsel failed to launch a timely objection to the introduction of three documents offered by the State. As indicated above, the failure to raise an objection, generally, has been deemed record-based, and therefore appropriate for direct appeal. *See Hagen*, ¶ 20. However, decisions regarding the timing and number of objections lie within counsel's tactical discretion. *Brown*, 228 Mont. at 212, 741 P.2d at 430.

20. ¶White claims that a sufficient colloquy occurred on the record for this Court to apply the *Strickland* standard and determine whether her counsel ineffectively objected to the introduction of "two affidavits of altered instruments" and "one affidavit of forged signature." Our review indicates that the three bank forms were

filled out by the victim, Chester Brown. Brown, however, died six months before trial and therefore could not attest to the contents of the documents.

21. ¶Further, White's counsel did, in fact, object to the introduction of these documents, and, following a discussion without the presence of the jury, the District Court sustained the objection and ruled that the hearsay documents were inadmissable, contrary to the business records or excited utterance hearsay exceptions claimed by the State. Prior to issuing his objection, counsel for White *voir dired* the State's witness--a bank employee--through whom the State was attempting to introduce the exhibits numbered seven, eight, and nine. Upon White's counsel's successful objection, the court granted her counsel's request that the jury be properly instructed. The jury members were instructed that they could not consider any of the pre-objection testimony regarding the exhibits, and that they could not speculate about the contents of the documents.

22. ¶White contends that the jury nevertheless heard sufficient testimony regarding the substance of the documents prior to her counsel's objection to prejudice the proceedings, and therefore her counsel was ineffective by not timely objecting.

23. ¶White's counsel indicated on record that he assumed the State would introduce the documents through the bank employee who assisted Brown in filling out the affidavit forms, which influenced the timing of his objection. Thus, the State concedes that White's counsel did indeed offer a rationale for why he objected when he objected.

24. ¶The State argues, however, that given the apparent existence of a tactical reason, this Court should give White's counsel the opportunity to fully express his assumptions and the reasoning behind his tactic. "Absent a full explanation," the State contends, "the Court should not speculate" on White's counsel's alleged error. To do so, according to the State, would require this Court to engage in the "perilous process of second-guessing."

25. ¶We agree with the State. Although supplying some indicia of why the objection to the documents was raised at the particular time, the record is still insufficient to determine to what extent counsel's actions were purely tactical, or instead resulted from counsel's deficient representation.

26. ¶ Accordingly, the judgment of the District Court is affirmed and White's direct appeal is dismissed without prejudice.

/S/ JAMES C. NELSON

We Concur:


/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART