No. 01-353

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 99N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DARLA JEAN HAKALA,

Defendant and Appellant.

APPEAL FROM:     District Court of the Second Judicial District,
                 In and for the County of Silver Bow,
                 The Honorable Kurt Krueger, Judge presiding.

COUNSEL OF RECORD:

    For Appellant :

        Patrick D. McGee, Francis P. McGee, Attorneys at Law
        Butte, Montana

    For Respondent:

        Hon. Mike McGrath, Attorney General; Carol E. Schmidt,
        Assistant Attorney General, Helena, Montana

        Robert McCarthy, Silver Bow County Attorney; Samm Cox,
        Deputy County Attorney, Butte, Montana

                            Submitted on Briefs:  March 7, 2002

                                Decided:  May 10, 2002

Filed:

_____
                    Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     A jury in the Second Judicial District Court, Silver Bow County, found Darla Jean Hakala guilty of burglary.  She appeals from the resulting judgment against her.  We affirm.

¶3     On appeal, Hakala argues she was not afforded effective assistance of counsel, was denied a fair trial, and should have been granted a mistrial.

¶4     Hakala's claims of ineffective assistance of counsel are based on her counsel's alleged failures to object to various "indiscretions and innuendos" by the State of Montana (State) and the District Court at trial.  The record is silent as to the reasons trial counsel failed to raise the objections Hakala now advances.  A silent record cannot rebut the strong presumption that counsel's conduct falls within the acceptable wide range of reasonable professional assistance. *State v. White,* 2001 MT 149, ¶ 13, 306 Mont. 58, ¶ 13, 30 P.3d 340, ¶ 13 (citation omitted). Where the record does not illuminate the basis for the challenged acts or omissions of defense counsel, objections to those acts or omissions must be raised in a petition for postconviction relief.

*Hagen v. State*, 1999 MT 8, ¶¶ 12, 15, 293 Mont. 60, ¶¶ 12, 15, 973 P.2d 233, ¶¶ 12, 15. Therefore, we decline to consider Hakala's ineffective assistance of counsel claims in the context of this appeal.

¶5 Hakala also contends her conviction should be reversed under a "revised" common law plain error doctrine on grounds she was denied a fair trial. This claim is based on the same "indiscretions and innuendos" by the State and the District Court which form the basis for Hakala's ineffective assistance of counsel claims.

¶6 We have stated our standard of review for plain error as follows:

> [T]his Court may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.

*State v. Finley* (1996), 276 Mont. 126, 137, 915 P.2d 208, 215, *rev'd on other grounds, State v. Gallagher*, 2001 MT 39, 304 Mont. 215, 19 P.3d 817. We decline to adopt Hakala's differently-worded standard at this time. Further, we have reviewed the record and conclude Hakala has not established error justifying our discretionary plain error review.

¶7 Hakala's motion for a mistrial was based on witnesses' unsolicited comments that the victim had been burglarized on other occasions. In a non-responsive answer to questioning by defense counsel, the burglary victim stated this was the third time he had

3

been burglarized. In addition, the officer who investigated the burglary stated--in response to defense counsel's questioning--that there was another suspect, but that was in "another burglary that occurred at [the victim's] house." After the State pointed out no one had indicated or testified that Hakala was responsible for the other burglaries, the court denied defense counsel's motion for a mistrial, noting also that the information had been elicited during defense counsel's questioning.

¶8 When reviewing a denial of a motion for mistrial, this Court determines whether the district court abused its discretion. *State v. Scarborough*, 2000 MT 301, ¶ 81, 302 Mont. 350, ¶ 81, 14 P.3d 1202, ¶ 81 (citations omitted). A mistrial is appropriate where there is a reasonable possibility that inadmissible evidence might have contributed to the conviction. *Scarborough*, ¶ 81 (citation omitted). Because the unsolicited testimony about the other burglaries of the victim's home did not suggest that those burglaries were connected to Hakala in any way, we conclude there is no reasonable possibility that the evidence, even if inadmissible, might have contributed to Hakala's conviction.

¶9 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

4