No. 02-524

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 296

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

TONY R. NOTTI,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and for the County of Missoula, Cause No. DC 00-367
                      The Honorable Douglas G. Harkin, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          William Boggs, Attorney at Law, Missoula, Montana

       For Respondent:

          Mike McGrath, Montana Attorney General, Pamela P. Collins, Assistant
          Montana Attorney General, Helena, Montana; Fred Van Valkenburg,
          Missoula County Attorney, Kirsten LaCroix, Deputy Missoula County
          Attorney, Missoula, Montana


                             Submitted on Briefs:  January 23, 2003

                                   Decided:  October 30, 2003

Filed:

                          _____
                                        Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Tony R. Notti (Notti) was convicted by a jury of sexual intercourse without consent. He appeals this conviction on the ground that he did not receive effective assistance of counsel. We affirm.

## ISSUES

¶2     The only issue before this Court is whether Notti's conviction should be reversed as a result of ineffective assistance of counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Notti was charged by information on September 5, 2000, with sexual intercourse without consent, a felony, in violation of § 45-5-503, MCA. At his arraignment in September 2000, he pled "not guilty." In February 2001, a jury found him guilty. In March 2001, subsequent to his conviction and before his sentencing, Notti appeared in court and stated that he wished to dismiss his attorney. The attorney withdrew as counsel and the court appointed a new public defender to represent Notti at sentencing. At sentencing in February 2002, Notti was sentenced to fifty (50) years in the Montana State Prison, with twenty (20) years suspended contingent upon specific terms and conditions.

## STANDARD OF REVIEW

¶4     To assess a claim of ineffective assistance of counsel, both on direct appeal and in post-conviction proceedings, this Court applies the two-prong test from *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, which requires the defendant to "show that his counsel's performance was deficient and that the deficient

performance prejudiced the defense and deprived the defendant of a fair trial." *State v. Weldele*, 2003 MT 117, ¶ 68, 315 Mont. 452, ¶ 68, 69 P.3d 1162, ¶ 68 (citation omitted).

## DISCUSSION

¶5      Notti claims that his attorney was ineffective because he failed to file pre-trial motions to preclude numerous trial witnesses from repeating the prior consistent statements of the complaining witness.  He also faults his attorney for failing to object during the trial when the State repeatedly presented purportedly inadmissible hearsay evidence through these witnesses.  Specifically, Notti asserts that the State impermissibly buttressed the testimony of the complaining witness with testimony from five other witnesses, including the 9-1-1 operator, the initial responding officer, the emergency room doctor, the chief investigating detective, and the crime lab technician.  Each of these witnesses repeated what the complaining witness had told him or her about the incident.  Notti maintains that such testimony was inadmissible hearsay under Rule 801(d)(1)(B), M.R.Evid., and that his attorney's failure to object to its introduction constitutes ineffective assistance.

¶6      As we have stated on numerous previous occasion, there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  *See also Weldele*, ¶ 70. To overcome this presumption, a defendant bears the burden of showing that counsel's performance fell below an objective standard of reasonableness, and if so, that defendant was actually prejudiced by counsel's deficient performance. *Strickland*, 466 U.S. at 688 and 692.

¶7      In analyzing ineffective assistance of counsel claims, we must first consider whether

3

the record is sufficient to determine whether counsel was ineffective. "Where ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal and, conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for post-conviction relief." *State v. Daniels*, 2003 MT 247, ¶ 41, 317 Mont. 331, ¶ 41, 77 P.3d 224, ¶ 41 (citation omitted). As we stated in *Daniels*: "The underlying principle of the foregoing rule is that a silent record cannot rebut the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . . Absent a complete record, this Court will not speculate on counsel's alleged errors." *Daniels*, ¶ 41 (citations omitted).

¶8      In *State v. White,* 2001 MT 149, 306 Mont. 58, 30 P.3d 340, this Court discussed in great detail what constitutes on-record and off-record actions of counsel to be considered when a challenge to the counsel's effectiveness has been presented. We held that the operative test is whether or not the record contains the answer as to **why** counsel took, or failed to take, action in providing a defense. *White*, ¶ 20. We concluded that while failure to object to testimony is generally record-based and appropriate for direct appeal, if the record does not fully explain why counsel failed to object to the admission of evidence, the matter is best-suited for post-conviction proceedings which would permit a further inquiry into whether the particular representation was ineffective. *White*, ¶¶ 15 and 20.

¶9      In the case before us, the record is silent as to why counsel failed to file pre-trial motions and failed to object to the admission of the challenged evidence at trial. Therefore,

the claimed deficiencies cannot be reviewed on direct appeal.

## CONCLUSION

¶10 Accordingly, the judgment of the District Court is affirmed, and the ineffective assistance of counsel claim is dismissed without prejudice to its being raised in a post-conviction relief proceeding.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE