No. 03-722

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 224

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

DAVID AUDET,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and for the County of Cascade, Cause No. CDC 02-368
                    The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Appellate Defender Office, Helena, Montana

        For Respondent:

                Honorable Mike McGrath, Montana Attorney General, Jennifer Anders,
                Assistant Attorney General, Anthony Johnstone, Assistant Attorney General,
                Helena, Montana; Brant Light, Cascade County Attorney, Joel Thompson,
                Deputy County Attorney, Great Falls, Montana

Submitted on Briefs:  May 11, 2004

Decided: August 18, 2004

Filed:

_____
                         Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 David Audet (Audet) was convicted by a jury of Assault on a Peace Officer, a Felony, and Resisting Arrest, a Misdemeanor. He appeals his conviction on the ground that he did not receive effective assistance of counsel. We conclude, however, that Audet's claim for ineffective assistance of counsel cannot be addressed without considering matters outside the record and, therefore, this appeal must be dismissed.

## ISSUE

¶2 The issue before this Court is whether Audet received ineffective assistance of counsel at trial.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In August 2002, a distraught Audet showed up in the early morning hours at the home of his former girlfriend, Judy Wagner (Wagner). He was intoxicated, depressed and suicidal. Wagner called the police and reported that Audet was in her backyard and had a large stick. Officer Doug Mahlem arrived on the scene at approximately 3:30 a.m. His younger brother, Derek, who was training to be a 9-1-1 dispatcher in Roosevelt County at the time, was "riding along" with Officer Mahlem that evening. Upon arriving at the scene, Wagner took Officer Mahlem and Derek into her back yard where Audet was sitting on the ground. It was dark and visibility was extremely limited. Derek shone a flashlight on Audet, revealing that Audet was holding a long pointed bamboo stake used to push into the ground and hold a candle for outdoor lighting. Officer Mahlem ordered Audet to drop the stake. Audet refused and told Mahlem that he would not be taken alive. He then instructed Officer Mahlem to

2

shoot him in the head.

¶4 Officer Mahlem continued to order Audet to lower the stake and Audet continued to refuse. Audet stood up and assumed what Mahlem concluded to be a threatening stance and demeanor. When Audet continued to refuse to comply with Mahlem's instructions, Mahlem approached him closely enough to administer a large dose of "pepper spray" in Audet's face. Audet did not react in any way to the pepper spray and continued his defiant stance and grip on the stake. At approximately this time, Mahlem's backup, Officer Runner, arrived. Shortly thereafter, the two officers were able to take Audet to the ground, disarm him, and handcuff him. Audet struggled to avoid being handcuffed but was ultimately restrained.

¶5 Audet was originally charged by Information with Assault on a Peace Officer, a Felony, Partner Assault, a Misdemeanor, and Resisting Arrest, a Misdemeanor; however, the partner assault charge was later dismissed. Several hearings were held between September 26, 2002, and the dates of trial, on March 3 and 4, 2003. At one of these hearings, Audet told the court that he wished to plead guilty to the resisting arrest charge but go to trial on the officer assault charge. When questioned by the court, Audet admitted that his counsel had advised him otherwise. The court, as a result, entered "not guilty" pleas for both counts.

¶6 At the time of trial, however, Audet's counsel informed the jury in both his opening and closing statements that his client was not contesting the resisting arrest charge but lacked the "purposeful" and "knowing" elements required to commit officer assault. Both the assault and resisting arrest charges require that a defendant act "purposely" or "knowingly." After much negotiation, the parties reached agreement on the two different jury instructions

3

defining "knowingly." For purposes of determining whether Audet "knowingly" assaulted Mahlem, the jury was told that "a person acts knowingly when there exists a high probability that the person's conduct will cause a specific result." For purposes of determining whether Audet "knowingly" resisted arrest, the jury was told that "a person acts knowingly when the person is aware of his or her conduct."

¶7        In the State's rebuttal closing argument, the State's attorney told the jury:

> [Audet's attorney] started his opening statement to you at the beginning of this trial, and he started his closing statement to you at the end of this trial with a declaration that they are not contesting the fact that the defendant resisted arrest.
>
> Well, ladies and gentlemen, we also have to prove mental state for that offense. So essentially by conceding the resisting arrest offense, they are conceding that the defendant acted knowingly that night because how can it be that the defendant didn't know what he was doing when he wielded the weapon at Officer Mahlem and caused the reasonable apprehension, and yet when he's taken to the ground he knows what he's doing and he resists the handcuffs?
>
> They can't have it both ways. They have essentially conceded mental state by conceding that he's guilty of resisting arrest.

¶8        The jury returned a verdict of guilty on both counts. With new counsel, Audet appeals on the ground that his trial counsel provided ineffective assistance. He maintains that his counsel should have allowed or instructed him to plead guilty to resisting arrest to the judge instead of to the jury. By pleading to the court, his guilty plea would not have been before the jury and could not have been used against him. He asserts that by admitting to the jury that he resisted arrested, this admission undermined his defense that he did not

4

"purposely" or "knowingly" assault Officer Mahlem. Audet argues that such a mistake constitutes ineffective assistance of counsel and warrants a reversal of his conviction.

## STANDARD OF REVIEW

¶9 To assess a claim of ineffective assistance of counsel, both on direct appeal and in post-conviction proceedings, this Court applies the two-prong test from *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, which requires the defendant to "show that his counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." *State v. Notti*, 2003 MT 296, ¶ 4, 318 Mont. 146, ¶ 4, 79 P.3d 289, ¶ 4 (citation omitted). Moreover, claims of ineffective assistance of counsel involve mixed questions of law and fact. Therefore, this Court reviews such claims *de novo*. *State v. Davis*, 2003 MT 341, ¶ 15, 318 Mont. 459, ¶ 15, 81 P.3d 484, ¶ 15.

## DISCUSSION

¶10 The sole question in this case is whether Audet's counsel provided ineffective assistance when he conceded to the jury Audet's guilt to resisting arrest. As noted above, counsel for the State then used this concession in her argument to the jury that if Audet admitted to "knowingly" resisting arrest, he had the mental capacity to also "knowingly" assault Officer Mahlem. Audet argues that "effective" counsel would have reasonably recognized that this concession of guilt to the resisting arrest charge could lead the prosecutor to use the concession against him to "devastating effect." He further maintains that counsel's ineffectiveness prejudiced him.

5

¶11 The first prong of the *Strickland* test requires Audet "to establish that his trial counsel's performance fell short of the range of competence required of attorneys in criminal cases. In order to constitute ineffective assistance, counsel's conduct must flow from ignorance or neglect rather than from strategic decisions and trial tactics. Moreover, there is a strong presumption that counsel's performance was based on sound trial strategy and falls within a wide range of reasonable professional conduct." *State v. Hendricks,* 2003 MT 223, ¶ 7, 317 Mont. 177, ¶ 7, 75 P.3d 1268, ¶ 7 (citations omitted).

¶12 Our review of the record in the case before us confirms that Audet's counsel conceded that Audet was not contesting the resisting arrest charge. It does not, however, set forth the reason *why* counsel chose to concede this to the jury, rather than either allowing Audet to plead guilty to this charge prior to the trial, or allowing the jury to determine Audet's guilt on this charge. As we explained in *Hendricks*, absent evidence in the record demonstrating the reasons underlying this decision by defense counsel, we are unable to determine whether this decision constituted an unreasonable defense strategy that would overcome the presumption that counsel's actions fall within the range of reasonable professional conduct. *Hendricks*, ¶ 9.

¶13 The *Hendricks* Court, recognizing conflicting lines of authority in cases with similar circumstances, stated:

> [W]e take this opportunity to clarify that in future cases we will utilize the procedure set forth in [*State v. Herrman*, 2003 MT 149, ¶ 34, 316 Mont. 198, ¶ 34, 70 P.3d 738, ¶ 34] and [*State v. Turnsplenty*, 2003 MT 159, ¶¶ 18-21, 316 Mont. 275, ¶¶ 18-21, 70 P.3d 1234, ¶¶ 18-21] when the record in a direct appeal is insufficient to determine whether the defendant's counsel provided

6

ineffective assistance. In other words, we will dismiss the direct appeal and require the defendant to raise the ineffective assistance claim via a post-conviction relief proceeding, if at all. . . .

*Hendricks*, ¶ 11.

¶14 As pointed out by Audet, there exist cases in which counsel's actions so clearly fall below the reasonable range of professional conduct required that neither an explanation for the action in the record or a post-conviction hearing is necessary to explain the reasons. *See State v. Jefferson*, 2003 MT 90, 315 Mont. 146, 69 P.3d 641. We conclude, however, that this is not such a case. Audet has raised a colorable claim of ineffective assistance of counsel, the merits of which require an exploration of the reasons his attorney took the actions above-described.

## CONCLUSION

¶15 For the foregoing reasons, we dismiss Audet's claim of ineffective assistance of counsel, without prejudice to its being raised in a post-conviction relief proceeding.


/S/ PATRICIA O. COTTER



We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ JIM RICE