*377 JUSTICE RICE
dissenting.
¶45 I dissent. I would affirm the conviction without prejudice to the defendant’s right to pursue postconviction relief in regard to his claims, as required by the law.
¶46 As the Court correctly notes, the defendant failed to raise his appellate issue before the District Court. There, he sought dismissal of a completely different charge. Although the Court properly concludes that the exercise of plain error review is inappropriate, it nonetheless undertakes review of the newly-raised issue by way of the defendant’s ineffective assistance of counsel argument. I respectfully submit that it is inappropriate to do so.
¶47 The record is silent regarding why defense counsel raised the issues and formulated the arguments as he did in the District Court. Although he argued the Blockburger test, the record reflects that he also made reference to the Montana Constitution’s greater double jeopardy protections and cited to State v. Tadewaldt (1996), 277 Mont. 261, 922 P.2d 463, which applied a statute-based double jeopardy analysis, and to State v. Wells (1983), 202 Mont. 337, 658 P.2d 381, which also referenced the charging statutes. Thus, the best assumption which can be made from the silent record is that counsel was aware of the statutory provisions which govern the charging of offenses. However, the reason he did not make an argument based upon § 46-11-410, MCA, is not indicated in the record and is therefore unknown[1].
¶48 “As we have stated on numerous previous occasion [sic], there is a strong presumption that counsel ‘rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.’ ” State v. Notti, 2003 MT 296, ¶ 6, 318 Mont. 146, ¶ 6, 79 P.3d 289, ¶ 6 (citing Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). Further, and determinative here, “ ‘a silent record cannot rebut the strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance. ...Absent a complete record, this Court will not speculate on counsel’s alleged errors.’ ”Notti, ¶ 7 (quoting State v. Daniels, 2003 MT 247, ¶ 41, 317 Mont. 331, ¶ 41, 77 P.3d 224, ¶ 41) (emphasis added). *378 There is no “complete record” here.
We have repeatedly explained how this Court will determine whether an issue is record-based:
Though not easily distilled into a formula, the definitive question that distinguishes and decides which actions are record and which are non-record, is why? In other words, if counsel fails to object to the admission of evidence, or fails to offer an opening statement, does the record fully explain why counsel took the particular course of action? If not, then the matter is best-suited for post-conviction proceedings which permit a further inquiry into whether the particular representation was ineffective. Only when the record will fully explain why counsel took, or failed to take, action in providing a defense for the accused may this Court review the matter on direct appeal.
State v. White, 2001 MT 149, ¶ 20, 306 Mont. 58, ¶ 20, 30 P.3d 340, ¶ 20; see also State v. Harris, 2001 MT 231, ¶ 21, 306 Mont. 525, ¶ 21, 36 P.3d 372, ¶ 21; State v. Fields, 2002 MT 84, ¶ 32, 309 Mont. 300, ¶ 32, 46 P.3d 612, ¶ 32; Soraich v. State, 2002 MT 187, ¶ 22, 311 Mont. 90, ¶ 22, 53 P.3d 878, ¶ 22; State v. Earl, 2003 MT 158, ¶ 41, 316 Mont. 263, ¶ 41, 71 P.3d 1201, ¶ 41; State v. Turnsplenty, 2003 MT 159, ¶ 17, 316 Mont. 275, ¶ 17, 70 P.3d 1234, ¶ 17; Notti, ¶ 8; State v. Kougl, 2004 MT 243, ¶ 14, 323 Mont. 6, ¶ 14, 97 P.3d 1095, ¶ 14. Here, the record does not reflect “why” counsel made the particular arguments he did and why he failed to make other arguments, and therefore, under our clear rule, the matter should not be reviewed on appeal.
¶49 The implication of the Court’s opinion is that it believes that defense counsel was not fully aware of the applicable law and therefore erred in formulating his argument. However, we have specifically held that this kind of omission is a non-record issue which should be reserved for postconviction proceedings:
As for those clearly non-record based areas of representation, this Court has identified counsel’s failure to adequately investigate, or failure to prepare a defense, or failure to familiarize him or herself with critical areas of the applicable law.
White, ¶ 18 (emphasis added). We should follow our clear precedent. ¶50 The Court has failed to properly apply the law. I dissent.

 The Court notes that the State filed an Amended Information six days prior to trial, adding the precursor possession charge. See ¶ 9. Without further explanation, this statement may give the erroneous impression that defense counsel was rushed into making an incomplete argument. To the contrary, defense counsel requested a continuance of the trial “so he can research the new charge that has been added to the Amended Information to see if there is a double jeopardy issue.” Minute entry, 11/16/01. Defense counsel’s request was granted and the trial was continued for that purpose.