CHIEF JUSTICE GRAY,
dissenting.
¶51 After going one way on the ineffective assistance claim at issue here, and then the other, I respectfully dissent from the Court’s opinion. Moreover, while I generally agree with the thrust of Justice *379 Rice’s dissent, I disagree that we have clear precedent to follow at this point in time.
¶52 In my view, our jurisprudence has become somewhat scattery and occasionally downright inconsistent in the critically important and oft-reviewed ineffective assistance of counsel realm. This creates a mine field for all involved in direct appeals of criminal cases, as well as petitioners for postconviction relief, their counsel and the trial courts. I realize that a “bright line” test may not be altogether possible in cases such as these. In my view, however, it is important that we remain as consistent as possible in maintaining the distinction between record-based claims of ineffective assistance of counsel-which can be raised via direct appeal-and nonrecord-based claims which can be raised only in postconviction relief proceedings. For that reason, I set forth below a few of the problems in our case law in hopes that, in a future case, we will once again attempt to revisit this subject in a more global way. Doing so would be a service to all involved in the administration of criminal justice in Montana. To some extent, the inconsistencies to which I refer are illustrated in this case by Justice Rice’s dissent and the Court’s response to that dissent. Thus, I begin at that point.
¶53 The dissent urges the Court to follow its clear precedents, including our 2001 decision in White, ¶ 20, and probably dozens of others, holding that
the definitive question that distinguishes and decides which actions are record and which are non-record, is why?... Only when the record will fully explain why counsel took, or failed to take, action in providing a defense for the accused may this Court review the matter on direct appeal.
The dissent then cites to White, ¶ 18, for the proposition that we have identified counsel’s failure to be familiar with critical areas of the applicable law as a clearly nonrecord-based area of representation.
¶54 The Court responds to the dissent’s reliance on White by quoting the general statement in ¶ 15 thereof that failures to object to certain matters are deemed record-based and, therefore, appropriate for direct appeal. In my view, the Court’s response to the dissent in this regard presents far too narrow a reading of White.
¶55 Indeed, there can be no question that a counsel’s failure to object is a record-based matter, since the fact of the lack of objection is readily discernable by reviewing the record. See White, ¶ 15. The White Court proceeded immediately after that point, however, to observe that decisions as to the timing and number of objections lie within counsel’s *380 tactical discretion, thereby generally requiring nonrecord-based information explaining the tactic and consequently barring the question from review on direct appeal. See White, ¶ 16. In White, ¶¶ 16 through 19, we farther discussed numerous other nonrecord matters not properly included in a direct appeal, ending at ¶ 20, with the why distinction for whether a matter is or is not record-based. In other words, a failure to object is record-based, but the reason for a failure to object is not. Thus, the usual why distinction between record- and nonrecord-based matters arises. In my view, White-read in its entirety-supports the dissent’s view that the issue before us is nonrecord-based and, therefore, must be raised in a postconviction relief proceeding.
¶56 In response to the dissent, the Court also relies on State v. Jefferson, 2003 MT 90, 315 Mont. 146, 69 P.3d 641, where counsel admitted in the opening statement and closing argument during his client’s trial on the charge of attempted deliberate homicide, that the defendant was guilty of felony assault. We stated that the effect of counsel’s statements was to enter a guilty plea without the defendant’s consent, and no plausible justification could exist for such a decision. Jefferson, ¶¶ 45-46, 50. Thus, we addressed the matter on direct appeal.
¶57 Approximately a year after Jefferson, we decided State v. Audet, 2004 MT 224, 322 Mont. 415, 96 P.3d 1144. There, the defendant proceeded to trial on misdemeanor resisting arrest and felony assault on a police officer charges. Counsel conceded in opening and closing statements that his client was not contesting the resisting arrest charge. Audet, ¶¶ 5-6. In addressing an ineffective assistance claim on that basis on direct appeal, we determined that, while the record confirmed counsel’s admissions, the record did not set forth the reasons why counsel chose that course of conduct. Consequently, we were unable to determine on direct appeal whether counsel’s decision fell outside the parameters of reasonable professional conduct. See Audet, ¶ 12. Our only reference to Jefferson in Audet was a See cite indicating generally that cases exist where counsel’s actions “so clearly fall below the reasonable range of professional conduct required that neither an explanation for the action in the record or a post-conviction hearing is necessary to explain the reasons.” Audet, ¶ 14. We did not mention that Jefferson reached the opposite result under virtually identical facts; nor did we set forth any analysis distinguishing Jefferson from Audet.
¶58 These kinds of apparent inconsistencies in our case law on *381 ineffective assistance of counsel are conceivably distinguishable on some tiny factual difference between the cases. On the face of the cases, however, no reasonably intelligent reader could ascertain whether counsel’s admissions of the type addressed in Jefferson and Audet may or may not be raised on direct appeal as a record-based ineffective assistance of counsel claim. Indeed, in retrospect, I can no longer justify joining the Court’s “no plausible justification” decision in Jefferson.
¶59 Finally, in this regard, I highlight our opinion in State v Kougl, 2004 MT 243, 323 Mont. 6, 97 P.3d 1095. The Court does not discuss Kougl, but that case further illustrates the miasma we have created in our jurisprudence on ineffective assistance claims and whether they can or cannot be raised on direct appeal. There, we ultimately reversed the defendant’s conviction on direct appeal, after concluding that the ineffective assistance claim relating to counsel’s failure to request a jury instruction that accomplice testimony be viewed with distrust was properly before us, and that counsel could have had “no plausible explanation” for failing to request the instruction. See Kougl, ¶¶ 21, 22, 24 and 27. We first relied on White for the proposition that counsel’s failure to offer a particular jury instruction is generally not record-based. We went on, however, to determine that whether the reasons for defense counsel’s failure to do so in Kougl were or were not of record “is irrelevant,” because “there could not be any legitimate reason for what counsel did.” Kougl, ¶ 15.
¶60 Kougl, White, Jefferson and Audet illustrate the mine field in our jurisprudence referenced above. How can appellate counsel ever know whether this Court will stay with the record versus nonrecord distinction? The answer is that counsel cannot know. The result is that good appellate counsel, for ethical reasons and to avoid later claims of ineffective assistance of appellate counsel, will always raise claims of ineffective assistance of trial counsel on direct appeal. The result of that step is that the Court will receive more and more such claims on direct appeal and, in every case, will be forced to proceed with an analysis of whether or not the matter is within the “general rule” or whether some reason can be located to hold that trial counsel rendered deficient performance without ever allowing trial counsel the opportunity to be heard. At the bottom line, the case-by-case approach now gaining steam in our jurisprudence will soon overwhelm the “general rule” and, consequently, weaken the requirement that an appellant must actually establish deficient performance to succeed on an ineffective assistance claim.
*382 ¶61 But the mischief will not stop there. In cases where no ineffective assistance claim is raised on direct appeal, district court judges addressing petitions for postconviction relief will struggle mightily to predict whether an ineffective assistance claim “could reasonably have been raised on direct appeal” for purposes of determining whether the claim can be raised in the postconviction arena or is barred pursuant to § 46-21-105, MCA. The number of appeals from trial court decisions in such proceedings necessarily will increase as well, and this Court will have few, if any, yardsticks for considering whether the claim was procedurally barred.
¶62 With respect to the Court, and with full recognition that I joined in many of the cases which moved us away from at least a workable distinction between record-based and nonrecord-based matters, I cannot continue down this path. We have an obligation to provide guidance to the trial bench and practicing bar. We are doing just the opposite in our jurisprudence on this subject.
¶63 I would hold that the ineffective assistance of counsel claim in the present case is not record-based. On that basis, I would dismiss that claim without prejudice to its being raised in a postconviction relief proceeding. I dissent from the Court’s failure to do so.